## William W. Warren v. Benjamin F. Tobey.

*Ejectment: Heir at law: Administrator: Undivided interest.* An heir at law may recover in ejectment his undivided interest in the lands of which his ancestor died seized, as against the administrator of the estate of such ancestor, in the absence of any showing of authority from the probate court to take possession of the realty belonging to the estate.

*Deeds: Destruction: Title.* The destruction by the grantor, without the assent of the grantee, of a deed after its delivery, can have no effect to reinvest the grantor with any right which may have passed by it.

*Deed: Consideration: Administrator of grantor's estate: Creditors.* A deed from father to son, which expresses a valuable consideration, is valid, though no actual consideration passed, as between the son and the administrator of the father's estate, where the latter makes no showing of any rights claimed by creditors of the estate.

*Submitted on briefs April 22.   Decided April 27..*

Error to Shiawassee Circuit.

*Spaulding & Cranson,* for plaintiff in error.

*Hugh McCurdy,* for defendant in error.

PER CURIAM:

Warren brought ejectment against Tobey for a piece of land in Shiawassee county.

The cause was tried by the court without a jury. The facts were found as follows: · The premises were conveyed on the 18th of January, 1855, by Shepard Knapp and wife to Horton Warren, the father of the plaintiff, and the deed was recorded in August, 1858. Horton Warren went into possession and continued to occupy the premises until his death, which occurred in 1870 or 1871.

In February, 1862, he executed a deed of the premises to the plaintiff. There was no actual consideration, though one of six hundred dollars or eight hundred dollars was expressed.

This deed was delivered to the plaintiff, and without getting the same recorded he handed it to his sister to keep for

him.    At the time when the deed was made some talk
occurred between the plaintiff and his father, that the latter
might occupy and use the place during his natural life, but
no agreement was made.    In July, 1862, or some five months
later, the father asked the daughter to allow him to see the
deed, and she thereupon handed it to him, and he put it in
the stove and burnt it.

In 1870 or 1871 the father died intestate, leaving the
plaintiff and several other children as his heirs, and when
this suit was commenced, March 12, 1874, the defendant
was in possession of the premises, and claimed to be in as
administrator of the father's estate.

There was no evidence that the defendant was adminis-
trator, or had ever been authorized by the probate court to
take possession of the realty belonging to the estate, and no
title or claim of title was set up by defendant.

Upon these facts the court gave judgment for defendant.

The judgment was clearly wrong:

*First,* The facts found established a plain legal title in
the plaintiff as heir at law to an undivided interest which
was recoverable in the action independently of any right
based upon the deed of 1862, and the defendant wholly failed
to make out any fact to support his possession or justify him
in resisting the plaintiff's claim;

*Second,* The deed of 1862 having been delivered, its sub-
sequent destruction, as it seems to have occurred, could have
no effect to re-invest the plaintiff's father with any right
which may have passed by it, and upon its face it was
sufficient to pass the legal title, and the right of possession
appears unquestionable as against any one claiming under
his grantor.

Whether there were any circumstances which creditors
might set up to avoid the grant, or circumstances which
other parties so situated as to assail it might urge against it,
we do not know.    But as against the present defendant,
who does not appear to have any title or right of possession,
or to be in a position to question the legal sufficiency of the

grant, and who fails to establish any fact going to impair it, the right and title of the plaintiff under the deed are sufficient to entitle him to recover.

The judgment must therefore be reversed, with the costs of both courts, and judgment be entered here for the plaintiff, and the cause be remanded to the court below, that the defendant may take a new trial under the statute if desired.