## HALL *v.* DOBBIN.

DEEDS—QUIETING TITLE—EVIDENCE.

> A husband and his wife bought realty in her name, and took a deed therefor when $1,900 had been paid on the price. Four hundred dollars was furnished by her, and the balance was paid out of profits of the husband's business, in which he was assisted by his wife and daughter. On the wife's death, their two children deeded the property to the husband. Shortly before his remarriage, he conveyed to the daughter, and explained to his second wife that it was done to secure to the daughter a $500 interest in the property, and that she would reconvey when requested. Although talked of, a reconveyance was not made until six years afterwards. The deed was delivered at that time, but was handed back to the daughter for safe-keeping; she claiming it was made to facilitate a sale by her father. *Held,* that the realty belonged to the father, subject to a $500 interest in the daughter.

Appeal from Wayne; Hosmer, J. Submitted November 18, 1898. Decided December 28, 1898.

Bill by Robert Hall and Catherine Hall against Annie L. Dobbin to quiet title. From a decree dismissing the bill, complainants appeal. Reversed.

*John H. Powell,* for complainants.

*Grove Campbell,* for defendant.

MONTGOMERY, J. In 1879 complainant Robert Hall and his former wife bought a house and lot in Detroit for $2,400, on contract taken in the name of the wife. The property was subsequently deeded to her, after $1,900 of the purchase price had been paid. Of the $1,900, $400 was paid down. This sum was received on the sale of a small tract of land in Canada, which stood in the name of Mrs. Hall. The balance was paid by the results of the business of manufacturing soft drinks, in which Mr. Hall

was engaged, and in which he was assisted by his wife and daughter. In November, 1886, Mrs. Hall died, leaving two children known to be living,—defendant and a son named William. On the 15th of November, 1886, the two children deeded the property to complainant, and he continued to occupy it. On the 3d of February, 1890, the complainant Robert Hall took out a license to marry his co-complainant. The ceremony was delayed, and did not take place until March 1st. In the meantime, on the 26th of February, Mr. Hall executed, and caused to be placed of record, a conveyance to the defendant. This was unknown to the co-complainant until after the marriage. She had been told by Mr. Hall that he was the owner of the property, and when, after the marriage, she learned of the conveyance, she was told by Mr. Hall that the daughter would reconvey to him any time he requested it; that he deeded it to her to secure her a $500 interest in the property, which he felt that she was entitled to. From time to time there was talk of a reconveyance from defendant to Mr. Hall. A deed was prepared, and sent her for execution, but it was not executed. Finally, in July, 1896, defendant went to the office of Mr. Hosie, a real-estate dealer, and signed a deed of the property. It is a matter of dispute as to whether this deed was delivered. The circuit judge was of the opinion that delivery was not shown.

We think, upon full consideration, that the evidence preponderates in complainants' favor. The defendant herself testifies that this deed was made to facilitate a sale by her father, and gives no good reason for its execution, unless we assume it was to placate her father, and to induce in him the belief that he was safe; and this view is not creditable to defendant, or evidence of her sincerity. The complainant and Hosie testify that the deed was delivered to Mr. Hall, and by him handed back to defendant for safe-keeping. The view that defendant intended to vest title in complainant is strengthened by the evidence of her declarations of purpose. We think the real inten-

tion of the parties was that defendant should have an interest of $500 in the property, and be paid that sum on a sale.    A decree may be entered in favor of complainants, but subject to a vendor's lien in favor of defendant of $500.    No costs will be awarded either party for proceedings in the circuit, but complainants will recover costs of this court.

The other Justices concurred.