|135    61|
135   ³538|
135    61|
140   113|
135    61|
f154 ³  71|

## CHAMBERLAIN v. CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS — NEGLIGENT INJURIES — NOTICE — REPEAL OF STATUTE.

   Section 17, tit. 6, of the charter of the city of Saginaw, providing for notice to the council of claims against the city for injuries sustained by reason of defective sidewalks, was repealed by the subsequent enactment of an additional section, covering the entire ground of the notice to be given in cases of negligent injuries.

2. WAIVER—WHAT CONSTITUTES.

   A waiver is the intentional relinquishment of a known right, or the intentional doing of an act inconsistent with claiming it.

3. MUNICIPAL CORPORATIONS—NOTICE OF CLAIMS—WAIVER.

The mere act of a common council in referring to a committee an insufficient notice of a claim for personal injuries caused by a defective sidewalk is not a waiver of the requirements of the statute, or an admission of the sufficiency of the notice.

Error to Saginaw; Beach, J. Submitted October 8, 1903. (Docket No. 13.) Decided November 17, 1903.

Case by Emma C. Chamberlain against the city of Saginaw for personal injuries caused by a defective sidewalk. From a judgment for plaintiff, defendant brings error. Reversed.

*Henry E. Naegely*, for appellant.

*F. E. Emerick*, for appellee.

GRANT, J. Plaintiff recovered a verdict against the defendant city for injuries received on an alleged defective sidewalk. The charter of the city of Saginaw was amended in 1901 by adding a new section (No. 46) to title 17. That section reads as follows:

"No action shall hereafter be brought against the city, or any of its boards or officers, for any injury alleged as the result of any negligence on the part of the city, or any board or officer thereof, unless the person injured shall serve or cause to be served, within sixty days after such injury shall have occurred, a notice in writing to the common council of said city, which notice shall set forth substantially the time when and the place where such injury took place, the manner in which it occurred, and the extent of such injury, as far as the same has become known, and that the person receiving such injury intends to hold the city liable for such damages as may have been sustained by him. All facts relating to such personal injuries shall be set forth in an affidavit made by claimant. Such affidavit shall also state the names and addresses of all of claimant's witnesses, the name of the attending physician, if any, the amount of money, if any, expended for medical attendance, the loss of time and value thereof, and shall fully describe the nature and extent of the injury

received, and the amount of compensation claimed by reason of such damage or injury. All claims for damages against the city, growing out of negligence or default of said city, or of any officer or employé thereof, shall be presented in the manner above provided, within sixty days after such damage has been sustained or received, and, in default thereof, shall be thereafter forever barred. But claims which have been presented to the common council prior to the passage of this act shall not be barred for failure to attach thereto a sworn affidavit of the particulars of such injury. No action shall be maintained in any case unless the same be brought within one year after such injury shall be received." Act No. 419, Local Acts 1901.

It is conceded that no notice was given under this statute. A notice appears to have been given under section 17, tit. 6, of the charter as amended in 1899. Act No. 431, Local Acts 1899. The amendment of 1901 covers the entire ground of the notice to be given in cases of this character. It is in direct conflict with the provision of the former section, and repeals it. The two cannot stand together. The latter controls.

Counsel for plaintiff, in his brief, says:

"I further respectfully submit that the conduct of the council and its committee and officers has created a waiver of any defect or irregularity of notice of the claim, if any such existed."

He does not cite the record or state the facts upon which this claim is based. We have examined the record, and find no evidence upon which to base a waiver under any decisions of this court. Plaintiff gave no notice under the charter then in force. The common council was under no obligation, legal or moral, to inform her of the law. The records of the council introduced in evidence showed that the plaintiff's petition and notice were received, and referred to the committee on finance and auditing. Naturally the council would not, on presentation of a claim, pass at once upon the sufficiency or legality of the petition and notice. The committee would examine this,

and report to the council, if any report was necessary. No action upon the claim was ever taken by the committee. Plaintiff did not ask a hearing. The defendant did not offer her one. Both parties rested upon their rights until plaintiff brought this suit.

The only authority cited by counsel to sustain his contention is *Lindley* v. *City of Detroit*, 131 Mich. 8 (90 N. W. 665). That case forms no authority for this contention. The waiver there was based upon the facts that the notice was served upon the common council, was referred to its committee for investigation, the plaintiff appeared, testimony was taken, and a report made. Similar facts were held to be evidence of waiver in *Griswold* v. *City of Ludington*, 116 Mich. 401, 412 (74 N. W. 663).

In the case now before us the notice was void. The council took no action whatever, except to receive the communication and refer it to a committee. There was no waiver, unless it was the duty of the council to notify the claimant that such notice was void, point out wherein it was void, and give her an opportunity to present a valid one. Public rights are not, in my judgment, to be thus waived. The liability of municipal corporations for defective streets and sidewalks is purely statutory, and he who attempts to fasten that liability upon the municipality is bound to strictly comply with the statute. A waiver can only be predicated upon some duty of the corporation to act. No such duty is imposed by the statute, expressly or impliedly. After giving the notice, both parties may rest, if they choose, and as they did in this case, without further action until the claimant sees fit to plant his suit. We are cited to no case, and I find none, which holds that nonaction of a common council constitutes a waiver of the proceedings necessary in order to fasten liability upon the municipality. To waive means, in law, "to relinquish intentionally a known right, or intentionally to do an act inconsistent with claiming it." In this case the common council had done nothing whatever to indicate to the plain-

tiff that it considered her notice valid, or that it intended to waive any notice.    She did not know or even inquire as to what the council had done with her claim.

Judgment reversed, and no new trial ordered.

The other Justices concurred.