ALLEN *v.* CITY OF WEST BAY CITY.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — DEFECTIVE SIDEWALK—NOTICE OF DEFECT—QUESTION FOR JURY.

   In an action against a city for injuries from a defective sidewalk, evidence examined, and *held,* that whether the defect had existed a sufficient length of time prior to the injury to constitute constructive notice to the city was a question for the jury.

2. SAME—NOTARIES PUBLIC—VERIFICATION OF NOTICE—ATTORNEY —VALIDITY.

   A claim against a city for injuries is not invalid under section 2640, 1 Comp. Laws, though the notary before whom the claim was verified subsequently commenced a suit for the injuries as attorney for the plaintiff.

Error to Bay; Shepard, J. Submitted February 9, 1905. (Docket No. 118.) Decided May 12, 1905.

Case by Nellie Allen against the city of West Bay City for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*S. G. Houghton,* for appellant.

*James Donnelly,* for appellee.

MOORE, C. J. This case was brought by plaintiff to recover for injuries received by her on a defective sidewalk. It was the claim of the plaintiff that in August, 1903, she received a fall upon a sidewalk which was not reasonably safe and fit for travel, which injured her severely, and resulted in a miscarriage. The case was tried before a jury, which returned a verdict for $475. The case is brought here by writ of error.

We have examined all of the assignments of error, but shall discuss only the most important of them. It is claimed there is no proof of the particular defect which caused plaintiff's injuries existing prior to the said 11th day of August, the day of the accident. Counsel says: "Before plaintiff can recover, she must show by positive proof that the particular defect in the sidewalk which caused the injury existed a sufficient length of time prior to the accident to constitute constructive notice, and we submit this case is entirely devoid of such testimony;" citing many cases: It is true, as claimed by counsel, that the street commissioner testified he had repaired the walk the day before the accident, and nailed fast the only loose board in the vicinity; but that testimony is not conclusive. He also testified that where he nailed the plank there were three stringers, all perfectly good. On the other hand, there was an abundance of testimony that this plank walk had been down 15 or 16 years, and was in bad repair. One of the witnesses said there were no stringers at all, unless it was the middle one, and that was rotten; that it was a lot of holes, places where there were big holes in it; that the planks were all loose; and that it had been so five or six years with no repairs. A witness who was with plaintiff when she was hurt testified:

"We went down Washington street and on Elm to her home. The loose plank tripped her. The boards rested on the ground. There were no stringers, and no nails in the board at all. The board turned clear over when she fell. * * * The sidewalk where Mrs. Allen fell was all loose boards. When you would walk they would first

turn up one way and then another. There were no stringers, and the planks were broken and rotten. The planks were crosswise. This walk was bad during all the time I lived near Mrs. Allen, which was fifteen months. When hurt, Mrs. Allen was in the center of the walk. I was a few steps behind her. Many boards were loose so they could be taken up. I know they were loose because when you were walking on one end the other would lift up."

There was an abundance of testimony, if believed, that the particular defect in the walk which caused the injury had existed a long time. This made a question for the jury.

It is objected that the verified claim of plaintiff sent to the council does not comply with the charter. This claim was directed to the mayor and common council, stating when and where the accident occurred, and the manner of it, the injuries received, the names and residences of the attending physicians, and the claim for damages. It stated a desire to take the matter up with the council with a view of a settlement on a reasonable and just basis. It was subscribed and sworn to by the plaintiff and her husband on the 28th of August, 1903, before James Donnelly, notary public. On the 31st of August it was filed with the city clerk. It then had written on the cover of it a request that it be presented to the council, which request was signed James Donnelly, attorney for claimant. The only objection to this affidavit we deem it necessary to notice is the claim it is void under the statute because sworn to before a notary public, who was plaintiff's attorney; counsel citing *Germaine* v. *City of Muskegon,* 105 Mich. 213; *Chamberlain* v. *City of Saginaw,* 135 Mich. 61; *Blumrich* v. *Village of Highland Park,* 131 Mich. 209. In the first of these cases the court expressly declined to pass upon the question raised, and held that, even though void, the council had waived the defect. In the last-named case no written claim was presented to the council. In *Chamberlain* v. *City of Saginaw,* supra, it is stated in the opinion that it was conceded no notice was given un-

der the charter as it then existed. Certainly none of these cases sustain the position of counsel. It already appears the affidavit was sworn to August 28th. It was filed August 31st, and referred to the proper committee and the city attorney. They never made any report, and on the 16th of November this suit was brought.

1 Comp. Laws, § 2640, reads:

" That it shall not be lawful for notaries public who are attorneys and counsellors at law or solicitors in chancery to administer oaths in causes in which they may be professionally engaged."

Until this statute was enacted, it was not unlawful for the attorneys in a cause to act as notaries public. *Snyder* v. *Hemmingway*, 47 Mich. 553. After the statute was enacted it was held in *Bradley* v. *Andrews*, 51 Mich. 100, that an affidavit for an appeal from justice's court, sworn to before a notary public who was attorney, would not be treated as wholly void, but as a defective affidavit.

In *Sullivan* v. *Hall*, 86 Mich. 7 (13 L. R. A. 556), it was held, Justice LONG speaking for the court, where an affidavit to enforce a lien upon logs was sworn to before a notary public, who afterwards appeared as the attorney for the plaintiff, that, as it did not appear he was the attorney for plaintiff at the time the affidavit was made, it was not in violation of the statute. We think this case much in point. The affidavit was made the 28th of August. Three days later it was sent to the council. This suit was commenced .November 16th. We do not think the objection was well taken. See, also, 2 Cyc. 12.

The judgment is affirmed.

CARPENTER, MCALVAY, GRANT, and HOOKER, JJ., concurred.