ROSE *v.* ASAM.

. 1. DEEDS—SUIT TO RESTORE LOST DEED—EVIDENCE—SUFFICIENCY.

In a suit to restore a deed, claimed to have been executed by defendants and delivered to the father of the parties, since deceased, and, about the time of his death, to have been taken from among his papers by one of the defendants and either concealed or destroyed, a decree in favor of plaintiffs, *held*, sustained by competent evidence after eliminating all testimony equally within the knowledge of the deceased.

2. EQUITY—CLEAN HANDS—SUIT TO RESTORE LOST DEED — CONSPIRACY.

In a suit to restore a deed, concealed or destroyed, defendants' contention that the bill should be dismissed because plaintiffs do not come into court with clean hands, being parties to a conspiracy to defraud their stepmother, in furtherance of which the deed in question was claimed to have been executed, is without merit, where she is not a party to this suit, and plaintiffs are not shown to have been parties to any claimed conspiracy.

3. ATTORNEY AND CLIENT—ATTORNEYS ACTING AS NOTARIES PUBLIC —STATUTES.

Where an attorney was not connected with or interested in plaintiff's case at the time he notarized their bill of complaint, there was no violation of 3 Comp. Laws 1915, § 12082, prohibiting attorneys from acting as notaries public in any cause in which they might be professionally employed, although he was later employed by them in connection with said case.

4. DEEDS—EXECUTION AND DELIVERY—VESTED TITLE MAY NOT BE DEFEATED BY SUBSEQUENT WORD OR ACT OF GRANTOR.

Where a deed was properly executed and delivered, title vested in the grantee, and it could not be defeated by any subsequent word or act of the grantor; no escrow being shown.

---

[1]Lost Instruments, 38 C. J. §§ 24, 25, 26; [2]Equity, 21 C. J. § 172; [3]Notaries, 29 Cyc. p. 1093; [4]Deeds, 18 C. J. §§ 127, 128.

Appeal from Wayne; Collins (Joseph H.), J., presiding.    Submitted April 6, 1926.    (Docket No. 33.)
Decided October 3, 1927.    Rehearing denied December 1, 1927.

Bill by Eleanor Rose and others against William Asam and others to restore a deed.    From a decree for plaintiffs, defendants appeal.    Affirmed.

*Martin & Williams*, for plaintiffs.

*William R. McCredie* (*O'Brien & Travis* and *William J. Spears*, of counsel), for defendants.

STEERE, J.    Plaintiffs are heirs at law of John Asam, deceased, as are also defendants William and Frank Asam.    Plaintiffs filed this bill asking restoration of a deed alleged to have been executed by defendants William Asam and his wife, Hazel, to William's father, John Asam, in September, 1917, conveying to him certain real estate in Wayne county, Michigan, described as lots 235 and 236 of the Glenwood, Grosfield & Scanlon subdivision on Cabot avenue, formerly in Springwells township but now in the western part of the city of Detroit.    It is alleged in plaintiffs' bill and claimed by them that such deed was duly executed and delivered by William and his wife to John Asam during his lifetime and never recorded but retained in possession by the grantee after its delivery to him until the day before his death, when William procured it from amongst his father's papers, and has since either concealed or destroyed the same in fraud of plaintiffs' rights.    After the death of his father, William Asam deeded the property to one Benjamin Gordon, who, on the same date, deeded the property back to William and Hazel Asam, who now claim to own it, with the title in them as tenants by the entirety.    Defendants pleaded in denial and interposed numerous defenses, the most important of which is that there never was a deed executed from William

and his wife to the father. From a decree finding there was such a deed passing the title to John Asam, and restoring the same to full force and effect, with provision for placing the title in said John Asam by recording the decree in the office of the register of deeds of said county, defendants have appealed to this court.

Counsel for appellants contend that the questions before this court are:

"(1) As to whether or not an alleged deed of reconveyance by William Asam and Hazel Asam, his wife, was in fact ever executed and delivered to his father, John Asam, deceased, it being the claim of the defendants that the testimony of the witnesses called for both plaintiffs and defendants conclusively prove that no such deed of reconveyance was ever delivered or executed.

"(2) The bill of complaint should be dismissed for the additional reason that the plaintiffs do not come into court with clean hands, they being parties to the fraud alleged in said bill of complaint by which the said plaintiffs conspired to defraud and cheat the said Lydia Asam out of whatever interest she might have in said property.

"(3) The bill of complaint should be dismissed for the further reason that the acknowledgment was taken by Carl Williams, attorney for plaintiff, as notary public in violation of section 12082, 3 Comp. Laws 1915.

"(4) The bill of complaint should be dismissed as appears from said bill this suit is predicated upon oral understandings and agreements and secret trusts, all of which are void and contrary to statute of frauds, sections 11975-11977, 3 Comp. Laws 1915, of State of Michigan."

The first contention is based largely upon the claim that the court permitted certain witnesses to testify to matters equally within the knowledge of John Asam, deceased, contrary to the provision of section 12553, 3 Comp. Laws 1915.

In his written opinion the trial judge states that

witnesses were allowed during the hearing to testify against objection to certain matters equally within the knowledge of deceased, but tentatively and subject to the reserved right of the court to strike out the same if, after further consideration, the court found such testimony incompetent; expressly stating that "after due consideration, the court came to the opinion that it was not competent." Further saying in part:

"So the court does strike out all evidence given by the witnesses for the plaintiffs or the witnesses for the defendants, who being parties in interest, gave evidence that was equally within the knowledge of the deceased, including this, of course, the testimony given by witnesses for the plaintiffs, who being parties in interest, testified to seeing the deed in question in a box where their father kept his papers. Irrespective of this testimony and without regard thereto, the court is of the opinion that the admissions of defendant William Asam, as well as other competent evidence, sustains the contention of the plaintiffs that such a deed was made. That is to say, that William Asam and his wife, Hazel Asam, made and executed to John Asam a deed to lots 235 and 236 in the said subdivision, and that the same were delivered to the father and that the father died possessed of the title to these described lots."

In that connection it is to be noted that this is not a will contest, but a chancery suit against a living person to reinstate or restore a deed which it is claimed he secured from amongst deceased's papers and fraudulently destroyed or concealed, before us on appeal for hearing *de novo*, to be decided by this court upon the record as returned. Eliminating all testimony equally within the knowledge of deceased touching what was said or done by him or in his presence, we are of opinion that the decree of the trial court is well sustained by ample competent testimony. Existence of the deed in deceased's possession until the evening before he died, and that William then took possession

of it, are conclusively shown. His explanations and denials are far from convincing. Details of the testimony would serve no useful purpose. We find the material allegations in plaintiffs' bill well sustained by a convincing preponderance of competent evidence.

Defendants' second contention, relative to a conspiracy to cheat and defraud William's stepmother by his father's previously deeding the property to William's brother who deeded it to William, who deeded it back to the father, is without merit. She is not a party to this suit, nor are plaintiffs shown to have been parties to any claimed conspiracy. Title to the property was in the father when he died.

As to the third claim, it is sufficient to state that attorney Williams was not connected with or interested in the case when he notarized the complaint for the attorneys then of record and conducting the litigation. See *Sullivan* v. *Hall*, 86 Mich. 7 (13 L. R. A. 556); *Allen* v. *City of West Bay City*, 140 Mich. 111 (6 Ann. Cas. 35).

We see no force in the fourth contention that the bill should be dismissed because it shows this suit is predicated upon oral understandings and secret agreements which are contrary to the statute of frauds and void. No escrow is shown. When William Asam delivered the executed deed in question to his father, title to the property therein described vested in the latter. An accomplished execution and delivery of the deed are shown beyond question, which could not be defeated by any subsequent word or act of William's. In *Blackford* v. *Olmstead*, 140 Mich. 583, 588, it is said:

"As we construe this bill of complaint, however, it alleges that a deed of this land was made and delivered to him. * * * If the proofs should show a delivery with intention to vest title, the fact that the deed was returned to the grantor would not in law

defeat a delivery once accomplished. 13 Cyc. p. 563; *Hall* v. *Dobbin*, 119 Mich. 106."

We find no occasion to disturb the decree rendered by the trial court, and it will stand affirmed, with costs to appellees.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.