## WIEDBRAUK *v.* WIEDBRAUK.

1. DEEDS—DELIVERY—QUESTION OF FACT—EVIDENCE.
   In suit to set aside a deed, question of its delivery to son by deceased grantor *held*, one of fact under testimony showing delivery to son by scrivener, an attorney, which was corroborated by another person present at the time for purpose of acting as a witness, notwithstanding subsequent return of deed by grantee to grantor, statements alleged to have been made by defendant after death of grantor and fact that deed was not recorded until six days after grantor's death.

2. SAME—DELIVERY—RETURN OF DEED TO GRANTOR.
   Fact that grantee, son of grantor, now deceased, handed deed back to grantor could not nullify a delivery already effective.

3. SAME—UNDUE INFLUENCE—RECORD.
   In suit to set aside deed, record *held*, to present no evidence to sustain charge of undue influence by grantee upon his mother, the grantor.

Appeal from Alcona; Dehnke (Herman), J. Submitted January 7, 1938. (Docket No. 73, Calendar No. 39,806.) Decided April 4, 1938.

Bill by Joseph Wiedbrauk and others against William A. Wiedbrauk to set aside a deed. Decree for defendant. Plaintiffs appeal. Affirmed.

*William R. Barber,* for plaintiffs.

*Norman J. Randall,* for defendant.

BUSHNELL, J. The only questions presented in this appeal are whether a deed to a certain farm in Alcona county was delivered to defendant William

A. Wiedbrauk by his deceased mother, Eliza Jane Wiedbrauk, during her lifetime, and whether defendant exercised undue influence in securing the deed. These questions are presented by plaintiffs, who are heirs at law (children and grandchildren) of the decedent.

The circuit judge stated in his opinion that defendant's testimony as to the circumstances surrounding the execution of the deed was not available by reason of the statute relating to testimony of survivors (3 Comp. Laws 1929, § 14219 [Stat. Ann. § 27.914]) and that determination of the case rested principally upon the testimony of Henry K. Gustin, a lawyer, who had known Mrs. Wiedbrauk and her deceased husband for many years. Gustin said that, at the request of Mr. Wiedbrauk, he conferred with the latter and Mrs. Wiedbrauk in 1935, at which time title to the farm was held by them by the entireties. They told him that their son, defendant William Wiedbrauk, had lived with them a long time and when they were gone they wanted him to have the farm. Following Wiedbrauk's death, Gustin said that the widow asked him to come to the farm to see her. When Gustin called, she explained to him that she wanted William to have the farm and he advised her that she could either make a will or give her son a deed reserving a life estate. Mrs. Wiedbrauk left the decision to Gustin, who returned to his office in Alpena, where he drew the deed in question. He testified that later he called again at the farm, where he made several minor changes suggested by Mrs. Wiedbrauk, and that she then executed the deed. The deed was thereupon given to William in the presence of Mrs. Wiedbrauk, and William was told by Gustin to have it recorded the next time he went to Harrisville.

Much of this testimony was corroborated by Bert Truax, who had accompanied Gustin to the farm for the purpose of acting as a witness.

Defendant William Wiedbrauk testified that the deed was returned to Mrs. Wiedbrauk and it appears that it was not recorded until six days after her death.

If the testimony of Gustin and Truax states the correct version of the circumstances surrounding the transaction in question, there is no doubt but that an *inter vivos* transfer was intended and consummated by Mrs. Wiedbrauk. This is apparently conceded by appellants, who claim, however, that defendant made certain declarations after the grantor's death which indicated that, contrary to the testimony of Gustin and Truax, he knew nothing about the transfer until after his mother's death. This was denied by defendant. The trial judge was of the opinion that Wiedbrauk had made these statements substantially as claimed by appellants, but said:

"I think it is also true that the reason he made them was not because they were true, but because he expected that there would be less resentment or hard feeling among other members of the family if they could be induced to believe that deceased had executed the deed without defendant knowing anything about it or having anything to do with it; not being aware that he was thereby 'jumping from the frying pan into the fire' by raising the issue of delivery."

The trial judge concluded that there had been an effective delivery of the deed. The question of delivery as presented by this record is one of fact, and we are in accord with the trial judge's conclusion that an effective delivery had been made to defend-

ant.  This being true, the fact that the deed was handed back to the grantor could not nullify a delivery already completed.  *Hall* v. *Dobbin,* 119 Mich. 106, and *Blackford* v. *Olmstead,* 140 Mich. 583.

There is no evidence whatever in the record to sustain the charge of undue influence.

The decree entered below is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.