HOSKEY *v.* HOSKEY.

1. DEEDS—DELIVERY—WARRANTY DEED—RETURN OF DEED—RECONVEYANCE.

> The return of a warranty deed to the grantor, after effective delivery thereof to the grantee, does not constitute a reconveyance of the property covered by the deed.

2. SAME—DELIVERY—WARRANTY DEED—RETURN OF DEED—RECONVEYANCE.

> Plaintiff's claim that defendant son's return to his father of a warranty deed from the father constituted a reconveyance thereof *held*, without merit, where there was effective delivery of the deed to the son, and, after return, it was kept by the father in a safe which was readily accessible to defendant son.

3. SALES—BILL OF SALE—CONVEYANCES—FINDINGS OF FACT—APPEAL AND ERROR.

> Finding of the trial court that a bill of sale from defendant son to his father covering "all of the goods, wares, merchandise, equipment, assets and real and personal property of the business known as Ten Mile Poultry Market and located at 17947 Ten Mile Road, Roseville, Michigan" was a conveyance of personal property, and not the real estate referred to therein *held*, proper, where a *de novo* review of the record fails to persuade the Court of Appeals that it would have reached a different result.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 23 Am Jur 2d, Deeds § 310.
[3] 53 Am Jur, Trial § 1131 *et seq.*
[4] 58 Am Jur, Witnesses § 309.
[5] 23 Am Jur 2d, Deeds §§ 63, 64.
[6] 23 Am Jur 2d, Deeds § 61 *et seq.*

4. Witnesses—Construction of Statutes—Dead Man's Act—Admissibility of Evidence—Mutual Agency.

    The so-called "dead man's" statute does not bar a witness from testifying about a transaction in which he acted as agent for both the deceased and the adverse party (CLS 1961, §.600-.2160).

5. Deeds—Consideration—Parent and Child.

    A parent may convey property to a child without consideration.

6. Same — Consideration — Parent and Child — Administrator — Creditors.

    A deed from father to son, which expresses a valuable consideration, is valid, though no actual consideration passed, as between the son and the administrator of the father's estate, where the administrator makes no showing of any rights claimed therein by creditors of the estate.

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2, March 3, 1967, at Lansing. (Docket No. 1,721.) Decided June 13, 1967.

Complaint by Emilia Hoskey, Administratrix of the Estate of Arthur Hoskey, also known as Arthur J. Hoskey, deceased, for an accounting of the proceeds from certain real estate sold by defendants which plaintiff claimed to be properly an asset of the deceased's estate. Judgment for defendants. Plaintiff appeals. Affirmed.

*Mihelich, Elmer, Dank & Kendall,* for plaintiff.

*Kenneth N. Kramer* and *Bruce L. Monks,* for defendants.

Quinn, J. Plaintiff filed this action in circuit court for an accounting of the proceeds arising from the sale of real estate by defendants, which real estate plaintiff contends was properly an asset of her deceased husband's estate. Defendant John J. Hoskey is one of 7 children of decedent and his

former wife, and defendants claim they owned the
real estate at time of sale under a deed from
Arthur Hoskey. Trial by the court without a jury
resulted in judgment for defendants and plaintiff
appeals.

The real estate in question is a 5-acre parcel
containing the residence of plaintiff and her de-
ceased husband together with several outbuildings.
Plaintiff and her decedent had resided there for
several years prior to November, 1951, at which
time John J. Hoskey and another started a poultry
business on the property. Arthur Hoskey was then
69 years of age and plaintiff was 58. Sometime
between November, 1951, and March 19, 1952, Arthur
and Emilia entered into an agreement with John J.
and Irene Hoskey, the terms of which are in dis-
pute, but the record discloses John J. Hoskey paid
his father $50 per week for about a year in addition
to the sum of $2,000 in accordance with such agree-
ment. On the latter date, all of the parties went
to the office of Attorney Chamski, where Emilia
executed a quitclaim deed of the property to
Arthur, releasing dower, and he executed a war-
ranty deed to John J. and Irene, reserving a life
estate. Both deeds were given to John J., who
returned them to Chamski for recording. Due to
remodeling of his office, Chamski did not record
the deeds, but sometime later, he returned them to
John J. Arthur Hoskey died in November, 1962,
and soon after his death, the deeds were found in
his safe to which there was only one key, and it was
accessible to John J.

About 2 months after the deeds were executed,
John J. and Irene moved in with Arthur and
Emilia but moved out about 2-1/2 months later, as
the arrangement proved to be incompatible. No-
vember 5, 1952, Arthur and Emilia mortgaged the

premises to First State Bank of East Detroit for $2,500 which was paid to John and Irene for John's interest in the poultry business. This interest was transferred by bill of sale which contained the following language:

"Parties of the first part * * * have bargained and sold and by these presents do grant and convey, unto the said party of the second part, his executors, administrators or assigns, all the following goods' and chattels, to-wit: all of the goods, wares, merchandise, equipment, assets and real and personal property of the business known as 'Ten Mile Poultry Market' and located at 17947 Ten Mile Road, Roseville, Michigan, including but not limited to 1 Chilly. Boy Deep Freeze and 1 Chicken Picking Machine."

John J. assisted his father in obtaining the mortgage, showed to the mortgagee's attorney the deeds above referred to, and returned the deeds to Arthur. When he transferred the poultry business, John J. ceased making the $50 a week payments referred to above.

Following his father's death, John J. took the deeds from the safe and recorded them December 11, 1962. Within 2 months of her husband's death, plaintiff moved from the premises, and defendants sold them April 13, 1964, for $30,000, out of which John J. paid to each of 3 brothers and sisters 1/7 of the net sale price, but he paid nothing to plaintiff or to his other brother and sister. Plaintiff was appointed administratrix July 30, 1964, and this lawsuit was started January 6, 1965.

Plaintiff first contends that return of the warranty deed by John J. to Arthur under the circumstances constituted a reconveyance to Arthur, and since there was never a second delivery from Arthur to defendants or a new deed from Arthur to defendants, their title fails. To sustain her

position, plaintiff cites several authorities from other jurisdictions which support that position, but we are bound by Michigan law and *Wiedbrauk* v. *Wiedbrauk* (1938), 284 Mich 15, holds to the contrary. The return of the warranty deed by John J. to Arthur was not a reconveyance.

Plaintiff asserts that the language in the bill of sale, quoted above, constitutes it a conveyance of defendants' interest in the real estate, but the trial judge found that the bill of sale was intended to convey defendants' interest in the poultry business only. A *de novo* review of the record fails to persuade us we would have reached a different result had we sat as the trial court.

At trial, plaintiff objected to the testimony of Mr. Chamski on the basis his testimony was barred by PA 1961, No 236, § 2160, CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160), commonly referred to as the "dead man's" statute. Here plaintiff claims admission of this testimony over objection was reversible error. In view of Mr. Chamski's testimony that he was acting for both parties in the drafting and execution of the deeds here involved and the holding of *Hynes* v. *Halstead* (1937), 282 Mich 627, that the testimony of one acting as attorney for both parties to a transaction is not barred by the statute, *supra,* this contention of plaintiff is untenable.

Finally plaintiff contends that there was a failure of consideration for the deed from Arthur to John J. A parent may convey property to a child without consideration, *Mannausa* v. *Mannausa* (1963), 370 Mich 180, and a deed from father to son, which expresses a valuable consideration, is valid, though no actual consideration passed, as between the son and the administrator of the father's estate, where the latter makes no showing

of any rights claimed by creditors of the estate, *Warren* v. *Tobey* (1875), 32 Mich 45. We find no merit in plaintiff's final contention.

Affirmed, with costs to defendants.

T. G. Kavanagh, P. J., and McGregor, J., concurred.