## RUECKER v. GARVIN.

1. DEEDS—DELIVERY.

A deed is ineffective to convey title to property from grantor to grantee if it is not delivered by the grantor before his death.

2. SAME—DELIVERY—EVIDENCE.

Deeds executed by a deceased grantor which are found after the grantor's death in grantee's personal files stored in the grantor's apartment and then recorded must be regarded as undelivered.

3. SAME—INTENT OF PARTIES.

Finding by trial court that a grantor intended by certain deeds to convey property to another as grantee and not merely to make her his agent for managing the property *held*, supported by a record which showed that the grantee performed some acts which indicated her absolute dominion over the property in addition to her formal title and acted at other times in a manner more consistent with agency.

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Deeds § 79.
[2] 23 Am Jur 2d, Deeds §§ 89, 99, 107.
[3] 23 Am Jur 2d, Deeds §§ 194, 237.

Appeal from Marquette; Davidson (Bernard H.),
J. Submitted Division 3 May 8, 1968, at Mar-
quette. (Docket Nos. 4,166 and 4,167.) Decided July
24, 1968. Leave to appeal granted November 22,
1968. See 381 Mich 789.

Complaint by Patrick G. Ruecker, administrator
of the estate of Marie E. Temple, deceased, against
L. E. Garvin to quiet title to certain property. Ver-
dict and judgment for plaintiff. Defendant appeals.
Affirmed.

*John J. Walsh,* for plaintiff.

*Baldwin, Kendricks & Bordeau,* for defendant.

FITZGERALD, P. J. The facts of the case before us
read somewhat like a novel and, agreed upon as
they are by both parties, will serve to set the scene
of the 35-year plot which unfolds before us.

Marie Temple, plaintiff's decedent, worked most
of her lifetime as legal secretary for Leon Garvin,
defendant's decedent, in Mr. Garvin's law offices in
the city of Marquette, Michigan. Until her death,
Marie Temple was a single woman.

Leon Garvin suffered several strokes and was re-
quired to retire from the active practice of law, and
had done so some 5 years before the death of Marie
Temple in 1965. After retirement, Mr. Garvin
lived with his daughter, Mary Garvin Schuster, in
the State of California. When he was flown to
California, he left his files and business records,
books of original entry and all of his remaining
office equipment with his secretary, Miss Temple,
who subsequently had the actual filing cabinets and
files, including her own personal files, transferred to
her residence in the city of Marquette.

In his will, typed by Miss Temple, Mr. Garvin had left her his Michigan properties, "whether in his name or the name of Marie Temple". Mr. Garvin was never divorced from his wife, who died in 1966, but they had lived separate and apart for more than 20 years, she residing in the State of California during this period of time from about 1936 onward, and he in Marquette.

Miss Temple died unexpectedly in the city of Marquette, Michigan, on or about December 2, 1965, and the plaintiff was duly appointed as her administrator. Deeds to the parcels of land involved in the name of Marie Temple, a single woman, appeared of record in the Register of Deeds' office in the tract index as to each of these parcels.

When Mr. Garvin learned that 2 of these parcels of land had been sold as assets of the estate of Marie Temple, he immediately contacted attorneys in the city of Marquette and directed them to record deeds back from Marie Temple to him. These unrecorded deeds were found in his files which were in Miss Temple's apartment at the time of her death. They were taken from his files by his daughter and brought to California; thereafter Mr. Garvin caused the deeds to be recorded.

By virtue of defendant Garvin having recorded his deeds back from Marie Temple as to parcels 1 and 2, he became title holder of record as to all but one lot of parcel 1 and created a cloud on the title to parcel 2, which had been conveyed by plaintiff administrator to a bona fide purchaser. Plaintiff thereupon filed a bill to quiet title, first as to parcel 1, and next as to parcel 2. Parcel 3 was brought in by defendant's counterclaim to the second bill, though no deed from Miss Temple to Mr. Garvin was ever found for parcel 3.

In the meantime, after filing an answer and counterclaim, Mr. Garvin died in the State of California

on November 27, 1966. Before his death, he had executed a codicil to his will eliminating Marie Temple as devisee of his Michigan lands.

After his estate was filed for probate in the State of California, Dr. Warren Lambert of Marquette was appointed as administrator, c.t.a. in ancillary administration proceedings in the probate court for the county of Marquette to defend this action.

It is the claim of the plaintiff that Miss Temple had title to the various parcels of land involved in the litigation, that the deeds running from Miss Temple to Mr. Garvin were never delivered by her during her lifetime and were therefore inoperative, and that the property involved belongs in the estate of Marie Temple. Plaintiff prays in both cases that he be adjudged the owner entitled to possession of the lands involved and that defendant's claim of title be adjudged to be void and that defendant be ordered to release to the plaintiff all of his claimed right, title and interest in said premises.

It is the claim of the defendant in both cases, which were consolidated at trial, that Marie Temple held only a voidable title to the lands as the agent of Mr. Garvin. Specifically, defendant asserts that the instruments upon which the plaintiff claims title were never delivered to her and are thus voidable. Defendant's affirmative defense is to the effect that Miss Temple, as a single woman, took title to various parcels of land which, in fact, belonged to Garvin, and that she held record title only to these parcels of real estate in Marquette County. The further claim is that upon the sale of the property by decedent Garvin or upon receipt of rentals therefrom, the proceeds were returned to Mr. Garvin's accounts, necessary deeds for consummation of sale were given by Marie Temple, Mr. Garvin at all times retaining control over the properties, including the real estate which is the subject of this liti-

gation. The defendant specifically pleaded that at no time did he ever intend to transfer title or make a valid delivery of all the properties to his secretary and agent, Marie Temple.

The defendant prays in both actions that judgment be entered quieting the title in the defendant, free and clear of the claims of the plaintiff, and that plaintiff be required to reimburse him for the proceeds on sale of parcels 2 and 3.

Before Mr. Garvin's death, his attorneys prepared depositions to be taken in the State of California and noticed them for hearing on December 9, 1966, in the city of Los Angeles. However, before the hearing, Mr. Garvin died.

The 2 quiet title actions were consolidated and tried as companion cases.

Following opinion rendering judgment for plaintiff, judgment was entered in both quiet title actions and claims of appeal filed in both actions.

On review of the record, we find that, unlike the classic textbook case involving delivery of *a* deed, we have here 2 sets of deeds, the lack of delivery of any or all casting a shadow over the entire proceedings.

The trial court, after hearing witnesses and examining exhibits, found that:

"The preponderance of the evidence establishes an intention and understanding on the part of the parties that Miss Temple was the owner in her own right and for her own use of the three properties in question, both on the basis of their acts and on the basis of their statements, in addition to their dealings with the properties. One can only guess as to why Miss Temple had in her possession at the time of her death executed deeds from herself to Mr. Garvin for these properties but in any event the court can only conclude on the basis of the pre-

ponderance of the evidence that she was the beneficial and legal owner of these properties at the time of her decease and that the deeds, being undelivered at the time of her death, are ineffectual."

The defendant, on the other hand, had claimed that delivery back (Temple to Garvin) was not so much an issue as that the deeds to Miss Temple, though recorded, had never been delivered to her and that there was no intent to deliver by Mr. Garvin during his lifetime.

Testimony adduced at trial presented conflicting viewpoints. One witness stated that he leased from Miss Temple the so-called gasoline station property in 1953 and attempted to buy the property from Mr. Garvin, who sent him to Miss Temple, who advised him that she would not sell. Mr. Garvin's checkbook, in Miss Temple's possession until her death, indicates that taxes on the property were paid from Mr. Garvin's account and rental receipts from it deposited there.

The second parcel, a house on Cleveland Avenue in Marquette, was used as rental property for some years. One witness who had rented the property for 4 years testified that she had paid Marie Temple rent for the property and received receipts from her. Her further testimony was that Miss Temple authorized the changing of a lock and purchase of paint.

No deed back from Miss Temple to Mr. Garvin was ever found covering parcel 3. Defendant, however, contended that there was no intent on Mr. Garvin's part to place title in Miss Temple in the first place and that he had exercised acts of dominion over it through the years. A portion of the land had been sold, the money being paid to Mr. Garvin, but the deed coming from Miss Temple.

The question, it seems to us, was rightly decided by the trial court from the evidence presented, conflicting though it was. The claim of agency was never borne out.

The 3 deeds to Marie E. Temple, through which plaintiff claims the parcels involved, were dated in 1948 and 1950 and recorded shortly after execution. The deeds from Marie Temple to Leon Garvin, found in Mr. Garvin's files in Miss Temple's apartment, and recorded in 1966, can only be said not to have been delivered during the lifetime of the grantor. See *Dillon* v. *Meister* (1948), 319 Mich 428, and cases therein cited.

The findings of fact made by the trial court are adequately supported by the record (GCR 1963, 517.1) and likewise support the judgment for plaintiff.

Affirmed. Costs to appellees.

J. H. Gillis and McGregor, JJ., concurred.