RUECKER v. GARVIN.

1. APPEAL AND ERROR—CHANCERY—DE NOVO REVIEW.
    On appeal of a chancery proceeding the Supreme Court reviews the record *de novo*; therefore it is permissible for the Supreme Court to interpret differently the facts presented at trial.

2. DEEDS—DELIVERY—POSSESSION BY GRANTOR—PRESUMPTIONS—BURDEN OF PROOF.
    Delivery of a deed conveying real property to a grantee may be good even though the deed subsequently returns to the physical custody of the grantor, but the grantee of the

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 822.
[2, 4]  23 Am Jur 2d, Deeds § 116.
[3]  23 Am Jur 2d, Deeds §§ 118, 126.

property must meet the burden of rebutting the presumption that the deed was not delivered which arises from the custody of the grantor.

3. DEEDS — OWNERSHIP — EVIDENCE — DOMINION — CONTROL — FIDUCIARY RELATIONSHIP.

　　Evidence of dominion and control over property is not conclusive as to the ownership of property where the two parties who could have owned the property in question occupied mutually fiduciary relationships towards each other.

4. DEEDS—DELIVERY—CUSTODY—INFERENCES—PRESUMPTIONS.

　　Finding of deeds conveying real property from a lawyer's secretary to the lawyer in the lawyer's office files in custody of the secretary-grantor did not raise a presumption of non-delivery of the deeds where they were dated during the time the lawyer was actively practicing, when the files were in his office and before they came into the grantor's custody, and the only reasonable inference was that the deeds were placed in the files, and therefore delivered, before the files came into the custody of the grantor.

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and J. H. Gillis and McGregor, JJ., affirming Marquette, Bernard H. Davidson, J. Submitted October 8, 1969. (Calender No. 8, Docket Nos. 52,162, 52,163.) Decided April 13, 1970.

12 Mich App 446 reversed in part.

Complaint by Patrick G. Ruecker, administrator of the estate of Marie E. Temple, deceased, against L. E. Garvin to quiet title to certain real property. Judgment for plaintiff. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed in part and reversed in part.

*John J. Walsh,* for plaintiff.

*Baldwin, Kendricks & Bordeau,* for defendant.

T. E. Brennan, C. J.

### The Case

These are two chancery actions consolidated for trial. Both parties claim to be the owners of three disputed parcels of land in Marquette County. Judgment was rendered for plaintiff in circuit court. The Court of Appeals affirmed. 12 Mich App 446. The facts of the case are set out in great detail in the opinion of the Court of Appeals. We reverse and remand, in part, to circuit court for the granting of appropriate relief.

### The Facts

Leon Garvin was a lawyer who lived and practiced law in Marquette. Marie E. Temple was his secretary for over 35 years. Mr. Garvin was a married man, but, he and his wife were separated in about the year 1936. From that time on, Mrs. Garvin lived in California. Mr. Garvin remained in Marquette.

On March 18, 1947, one LeVeque and his wife conveyed certain land in Marquette county to Marie E. Temple; on August 31, 1950, one Fraser and wife conveyed land to Marie E. Temple; and on April 19, 1950, Marvalene Hager, widow of John T. Hager, deeded land to Marie E. Temple. The land described in these three deeds is referred to in this litigation as parcel 1.

On April 26, 1948, Marie E. Temple was the grantee named in two deeds, one from LeVeque and his wife, and one from Lillie Eliza Krieg. These deeds described real estate in Marquette county which is referred to as parcel 2 in this litigation.

All of the above-mentioned deeds were duly recorded, so that as of 1950, Marie E. Temple was the record titleholder as to both parcels 1 and 2.

The title history as to parcel 3 is not set out in the pleadings filed in circuit court, but it is conceded

by defendant that Marie E. Temple was also the record titleholder as to parcel 3.

Due to failing health, Leon Garvin retired from active law practice around the year 1960. He moved to California and resided there with his daughter. Mr. Garvin's law office was closed. His files and records were taken to the home of Miss Temple.

On December 2, 1965, Marie Temple died. Plaintiff Ruecker was duly appointed as the administrator of her estate.

Plaintiff inventoried the three parcels of land involved here in the Estate of Marie E. Temple. In the due course of the administration of the estate, parcels 2 and 3 were sold, pursuant to license of the probate court.

Shortly thereafter, Mr. Garvin's daughter, Mary Garvin Schuster, came to Marquette. Upon a search of Miss Temple's apartment, Mrs. Schuster found unrecorded deeds from Marie E. Temple to Leon Garvin, covering parcels 1 and 2. No deed was found covering parcel 3. Mrs. Schuster's testimony was that she found the deeds in her father's files.

On May 23, 1966, plaintiff filed suit in the circuit court for Marquette county, alleging that the quitclaim deed, dated October 9, 1950, and recorded May 12, 1966, from Marie E. Temple to Leon Garvin, created a cloud upon the estate's title to parcel 1.

On June 2, 1966, plaintiff filed a second action in circuit court, seeking to quiet title as to parcel 2. In this suit, he alleged that the quitclaim deed dated May 27, 1949, and recorded May 27, 1966, from Marie E. Temple to L. E. Garvin created a cloud upon the record title as to parcel 2.

On August 23, 1966, Leon Garvin filed his answer in both actions, and accompanied them with counterclaims, setting forth that he, Garvin, was the lawful owner of parcels 1, 2 and 3, and asking that title be

quieted in him with respect to the disputed lands, and further asking that the plaintiff be required to account to him for the proceeds of sale of those parcels which had been sold.

In his answer and counterclaim, Garvin alleged that during his years of practicing law, it was his habit to take title to his real estate in the name of Marie Temple; that he followed this procedure as a means of avoiding the appearance of a dower interest in favor of his estranged wife upon the record title, for the purpose of facilitating resale of the realty; that deeds were usually made out from Marie Temple to himself, which were not recorded; that he paid the taxes, received the rents and took the proceeds of sale of such properties, giving purchasers deeds executed by Marie Temple; that he exercised dominion and control over such properties; and that the three parcels involved in this litigation were among those which had been handled in this fashion.

On August 29, 1966, plaintiff filed a reply to defendant Garvin's counterclaim. In the reply, plaintiff alleged that these three parcels and one other parcel of land were given to Miss Temple by her employer, Mr. Garvin; that they were intended to provide her with retirement income; that she had kept the rentals and proceeds of sale from these properties, and had exercised dominion over them; that at the time of Garvin's departure for California, Miss Temple had given him all of the stocks, bonds and deeds which belonged to him; that she continued in the active operation of his office, and made arrangements to wind up his affairs and dispose of his law library.

On November 27, 1966, Leon Garvin died. An administrator was appointed to defend this action.

At trial, witnesses were presented by both sides to give evidence of dominion and control exercised

by both Miss Temple and Mr. Garvin as to the parcels involved and other properties.

The question of the delivery of the two deeds from Miss Temple to Mr. Garvin was also contested.

On July 17, 1967, the trial judge filed his opinion, containing findings of fact and conclusions of law. In summary, he held:

"Both parties introduced in evidence several exhibits consisting of deeds, books of account, tax receipts and histories, record book of rentals, letters and other writings, some of which tend to show ownership of Mr. Garvin and some in the name of Miss Temple, none of which are conclusive evidence of ownership in one party or the other. Since an attorney and secretary relationship existed between the parties, it is difficult to determine when either of them was acting as principal on his or her own behalf or as agent for the other. However, it is the opinion of the court, based principally upon the testimony of the witnesses above referred to, that the preponderance of the evidence establishes an intention and understanding on the part of the parties that Miss Temple was the owner in her own right and for her own use of the three properties in question, both on the basis of their acts and on the basis of their statements, in addition to their dealings with the properties. One can only guess as to why Miss Temple had in her possession at the time of her death executed deeds from herself to Mr. Garvin for these properties but in any event the court can only conclude on the basis of the preponderance of the evidence that she was the beneficial and legal owner of these properties at the time of her decease and that the deeds, being undelivered at the time of her death, are ineffectual."

## DISCUSSION

As appropriate in chancery cases, we have review of the record *de novo*.

Upon one crucial point, we must disagree with the finding of the trial judge. Because the deeds to parcels 1 and 2 from Miss Temple to Mr. Garvin were found in Miss Temple's apartment after death, the trial judge concluded that there had been no delivery of those deeds, even though they were found in Mr. Garvin's old law files.

If the question of possession at the death of Miss Temple was controlling upon the issue of delivery, we might be inclined to permit the trial judge's finding to stand, since he had the better opportunity to observe the witnesses.

But the issue is not so narrow. The deeds in question were executed in 1949 and 1950. At the time of their execution, Mr. Garvin was still engaged in the active practice of law. His files were in his office. Those files were not removed to Miss Temple's apartment until sometime after 1963, when Mr. Garvin took up permanent residence in California.

If the unrecorded deeds were placed in the Garvin law files before those files left his office, and we think this is the only reasonable inference, then it follows that delivery to Mr. Garvin took place sometime prior to 1963.

The subsequent placing of the deeds in Miss Temple's possession would not have had the effect of divesting Mr. Garvin of title.[*]

As was said in *Lintner Estate* v. *Meier* (1955), 344 Mich 119, 124:

"So far as the finding of the deed in the grantor's possession is concerned, it does not necessarily defeat delivery, but the burden is heavy on the grantee to prove delivery in such case, for presumptively there has been none. *The point to be stressed is that*

[*] *Wiedbrauk* v. *Wiedbrauk* (1938), 284 Mich 15; *Blackford* v. *Olmstead* (1905), 140 Mich 583; *Hall* v. *Dobbin* (1898), 119 Mich 106.

*delivery may be good, notwithstanding that subsequently thereto the deed returns to the physical custody of the grantor."* (Emphasis added.)

With respect to parcel number 3, there is no evidence of a conveyance from Miss Temple to Mr. Garvin. Neither is there evidence from which the chancellor could find that a deed once existed which is now lost.

As to parcel 3, defendant claims that Miss Temple took title as his agent, and asks for an accounting.

The only testimony of import with respect to parcel 3 had to do with the extent to which the defendant exercised dominion over it.

In view of the fact that Miss Temple and Mr. Garvin occupied mutually fiduciary relationships toward each other, we must agree with the trial court that evidence of dominion and control is not conclusive.

We therefore decline to disturb the finding of the trial judge with respect to parcel 3.

Affirmed as to parcel 3. Reversed and remanded as to parcels 1 and 2. Costs to appellant.

Dethmers, Kelly, Black, T. M. Kavanagh, Adams, and T. G .Kavanagh, JJ., concurred with T. E. Brennan, C. J.