ROTH *v.* SMILAY.

EQUITY—INTEREST IN LAND—BONA FIDE PURCHASER—ACCOUNTING.
   In suit to declare interest in realty, for accounting, and other
   relief, where it appears that defendants, holders of record
   title, executed deed to plaintiff and placed it in escrow,
   but that, before said deed was delivered, they conveyed to
   codefendant, *bona fide* purchaser for value, decree denying
   relief against latter and giving money decree against defend-
   ants, is affirmed, on appeal.

Appeal from Oakland, Gillespie (Glenn C.), J.
Submitted April 15, 1930. (Docket No. 98, Calendar
No. 34,513.) Decided October 3, 1930.

Bill by Arthur J. Roth against Maurice D. Smilay,
Allen R. Niles, and others to declare interest in
realty, for accounting, and other relief. From a
decree for plaintiff against defendants Smilay and
dismissal of bill as to defendant Niles, plaintiff and
defendants Smilay appeal. Affirmed.

*Anderson, Wilcox, Lacy & Lawson* (*C. J. Hud-
dleston,* of counsel), for plaintiff.

*Harry Cohen,* for defendants Smilay.

*Andrew L. Moore,* for defendant Niles.

POTTER, J. October 3, 1925, and prior thereto,
plaintiff owned a vendee's interest in certain lands
and premises in Detroit under a contract dated
July 3, 1925, which had been assigned to him. He
advertised his equity for sale, and defendant Maur-
ice D. Smilay September 25, 1925, replied to such

advertisement. Negotiations between the parties resulted in a contract between them, entered into October 3, 1925, by which plaintiff agreed to exchange his vendee's interest in the Detroit real estate for lands of defendant Smilay and wife in Royal Oak, subject to a mortgage of $3,500 and another of $1,200. Plaintiff was to give his note for $1,000 to Smilay in consideration of the trade. Plaintiff assigned his vendee's interest in the land contract to Smilay and wife, and Maurice D. Smilay, defendant, made and executed a warranty deed of the premises in Royal Oak to plaintiff, which was subsequently executed by his wife and by agreement between the parties it was deposited in escrow with the Highland Park Trust Company to be delivered to plaintiff on payment of the $1,000 note. Both plaintiff and defendants Smilay entered into the possession of the respective premises acquired by this trade. An abstract of title of the Royal Oak property was later delivered by Smilay and wife to plaintiff, and plaintiff discovered there were liens and claims for unpaid taxes outstanding against the Royal Oak property. Plaintiff took up the adjustment of these claims with defendant Maurice D. Smilay, who promised to adjust them. Smilay, after he acquired plaintiff's interest in the Detroit property, failed and neglected to make the payments due upon the contract of purchase, and his vendee's interest in this property was declared forfeited in November, 1925. On March 15, 1926, without notice to plaintiff, the defendants Smilay sold the Royal Oak property on contract to one Barney Maizuss, and April 19, 1926, they sold and conveyed by warranty deed the Royal Oak property to Allen R. Niles, trustee, of Capac, Michigan, subject to Maizuss' interest. April 27, 1926, Smilay instituted replevin proceedings against the Highland

Park Trust Company to replevin the deed made by himself and wife to plaintiff. The writ of replevin was served, and on May 1, 1926, plaintiffs gave a bond for possession of the deed. On May 5th the defendants Smilay petitioned the court for delivery of the deed to them as an instrument of special and peculiar value. Hearing on this petition was set for May 14, 1926, pending which, on May 13, 1926, the bill of complaint herein, later amended, was filed for an accounting between plaintiff and the defendants Smilay for the delivery of the deed from Smilay and wife to plaintiff to establish and declare the title of the Royal Oak property to be in plaintiff, and to restrain the further prosecution of the action of replevin. By subsequent amendment Maizuss and Niles, trustee, were made parties, and Niles as trustee answered claiming to be an innocent purchaser for value without notice of plaintiff's rights.

The trial court held Niles as trustee was an innocent purchaser for value without notice, and entered a decree dismissing the bill as to him and rendering a decree for plaintiff against defendant Smilay and wife for $4,682.75. From this decree plaintiff and defendants Smilay appeal.

The record sustains the decree of the trial court that Niles, trustee, was a *bona fide* purchaser for value; that plaintiff could not, by reason of the wrongful acts of Smilay and wife, acquire title to the Royal Oak property; that plaintiff was entitled to an accounting, had before the trial court and in which no error is pointed out. The decree of the trial court is affirmed, with costs against the defendants Smilay.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.