ZECHLIN v BRIDGES MOTOR SALES

Docket No. 128055. Submitted April 10, 1991, at Grand Rapids. Decided July 22, 1991, at 9:15 A.M. Leave to appeal sought.

Julie A. Zechlin, as personal representative of the estate of Michael L. Zechlin, deceased, brought an action in the Berrien Circuit Court against Bridges Motor Sales and others, alleging that an automobile sold by Bridges was involved in an accident in which the decedent died, that the sale was void because Bridges failed to secure a registration plate and a certificate of registration in the name of the purchaser as required by MCL 257.217(2); MSA 9.1917(2), and that Bridges had retained ownership of the automobile and the liability concomitant with ownership. The court, John T. Hammond, J., granted summary disposition for Bridges, ruling that it relinquished ownership of the automobile by timely filing a transfer of title pursuant to MCL 257.233; MSA 9.1933, notwithstanding its failure to register the automobile. The plaintiff appealed.

The Court of Appeals *held:*

1. A change of ownership of a vehicle is signified by the transfer of title, and an automobile dealer's compliance with the vehicle registration provisions of the Vehicle Code is not essential for transfer of ownership.

2. The trial court did not err in determining that a transfer of ownership was effectuated by Bridges' timely application for transfer of title.

Affirmed.

AUTOMOBILES — AUTOMOBILE DEALERS — TRANSFERS OF TITLE — VEHICLE CODE.

An automobile dealer transfers its ownership of an automobile to a purchaser upon the execution of an application for title in the name of the purchaser, notwithstanding the dealer's noncompliance with the vehicle registration requirements of the Vehicle Code (MCL 257.217[2], 257.233; MSA 9.1917[2], 9.1933).

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 673.

Comment Note—Who is "owner" within statute making owner responsible for injury or death inflicted by operator of automobile. 74 ALR3d 739.

*Bruce C. Conybeare,* for Julie A. Zechlin.

*Straub, Seaman & Allen, P.C.* (by *James M. Straub*), for Bridges Motor Sales.

Before: JANSEN, P.J., and MICHAEL J. KELLY and BRENNAN, JJ.

MICHAEL J. KELLY, J. On August 23, 1988, defendant Sharon Saylor purchased a 1983 Buick automobile from defendant Bridges Motor Sales. At the time of sale, Saylor indicated that she wished to transfer the registration plate from a previously owned vehicle to the Buick. Thereupon Bridges issued Saylor a written fifteen-day temporary registration and directed her to bring the plate to Bridges so that Bridges could transfer it to the Buick.

When Saylor failed to return with the plate by the fourteenth day of the temporary registration period, Bridges applied to the Secretary of State for a transfer of the title only. The application for Michigan title was received by the Secretary of State on September 6, 1988. Pursuant to § 217(2) of the Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.,* Bridges was required to apply within fifteen days after delivery of the automobile for a new title, and to transfer or secure a registration plate and certificate of registration, in the name of the purchaser. Bridges, however, did not attempt to secure a new registration plate or a certificate of registration for the Buick.

On September 30, 1988, Saylor and the Buick were involved in an automobile accident in which plaintiff's husband, Michael Zechlin, was critically injured. Plaintiff subsequently filed the instant lawsuit, alleging, in part, that Bridges retained ownership of the vehicle because it had not been registered in Saylor's name. On opposing motions

for summary disposition, the trial court ruled that the transfer of title relinquished Bridges' ownership of the vehicle, notwithstanding Bridges' failure to comply with the requirement that it register the vehicle in the purchaser's name within fifteen days of delivery. From the court's grant of summary disposition in favor of Bridges, plaintiff appeals as of right. We affirm.

We do not agree with plaintiff that the sale was voided by Bridges' violation of the Vehicle Code. While it is true, as plaintiff argues, that transfer of the title of an automobile usually cannot be effectuated without compliance with the mandates of the Vehicle Code, see *Messer v Averill,* 28 Mich App 62, 66; 183 NW2d 802 (1970), it is equally evident that those mandates concern the transfer of title, not registration. See, e.g., *Basgall v Kovach,* 156 Mich App 323; 401 NW2d 638 (1986); *Allstate Ins Co v Demps,* 133 Mich App 168; 348 NW2d 720 (1984); *Michigan Mutual Automobile Ins Co v Reddig,* 129 Mich App 631; 341 NW2d 847 (1983). Moreover, this Court stated in *Security Ins Co of Hartford v Daniels,* 70 Mich App 100, 107; 245 NW2d 418 (1976):

> Michigan cases have consistently held that a dealer retains ownership of a car he sells until he complies *with the statutory provisions for transferring title to the purchaser.* [Emphasis added.]

We therefore conclude that Bridges' failure to transfer or secure registration as required by § 217(2) does not void the sale of the vehicle. We note that § 217(2) provides for specific sanctions against the dealer (suspension or revocation of its dealer's license) for noncompliance.

Furthermore, § 37 of the Vehicle Code defines "owner" as:

(a) Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days.

(b) Except as otherwise provided in section 401a, a person who holds the legal title of a vehicle.

(c) A person who has the immediate right of possession of a vehicle under an installment sale contract. [MCL 257.37; MSA 9.1837.]

Under § 37, the vehicle's registration does not implicate ownership. It is, in most instances, the transfer of title that signifies the transfer of vehicle ownership. The trial court correctly held that there was "no factual dispute that Bridges was not the owner at the time of the accident." In other words, dealer compliance with the registration provisions of the Vehicle Code is not a sine qua non for transfer of ownership.

Finally, we address whether the court properly determined that Bridges' ownership interest in the Buick terminated before the accident. We agree with the trial court that it did.

MCL 257.233(5); MSA 9.1933(5) provides that the effective date of transfer of title or interest in a motor vehicle is the date of execution of either the application for title or the certificate of title. Here, Bridges filed the application for title on September 6, 1988, several weeks before the accident that occurred on September 30, 1988. The trial court did not err in granting summary disposition in favor of Bridges.

Affirmed.