**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED APRIL 11, 2007

BRIAN J. PERRY,

　　　　Plaintiff-Appellee,

v　　　　　　　　　　　　　　　　　　No. 129943

GOLLING CHRYSLER PLYMOUTH
JEEP, INC.,

　　　　Defendant-Appellant.

BEFORE THE ENTIRE BENCH

TAYLOR, C.J.

In this case, we are called on to determine whether, pursuant to MCL 257.233(9), an application for title to a motor vehicle is "executed" and therefore the title is transferred to the new owner at the time the application is signed, or if the application is not "executed" and the title transferred until the application is sent to the Secretary of State. We hold that "execution" is complete at signing and thus at that moment title transfers to the new owner, without regard to mailing or delivery to the Secretary of State. Because the Court of Appeals held to the contrary on the basis of *Goins v Greenfield Jeep Eagle, Inc*, 449 Mich 1; 534

NW2d 467 (1995), we reverse its judgment and reinstate the trial court's grant of summary disposition for defendant.

The relevant facts in this case are brief. Ksenia Nichols sought to purchase a vehicle from Golling Chrysler Plymouth Jeep, Inc. In that process, much of the paperwork had been completed, including the application for title that Nichols had signed. Hours after taking possession of the vehicle, Nichols collided with a parked car, causing injury to Brian Perry. Perry sued Golling, asserting that Golling was still the owner of the vehicle and thus liable under MCL 257.401 for the acts of its permissive user (Nichols), because, although the application for title had been signed, the title was not effectively transferred until the application was delivered to the Secretary of State. In making this argument, Perry relied on *Goins*, *supra*, to assert that the transfer was incomplete until the mailing or delivery of the application of title to the Secretary of State. Defendant argued that this was a misinterpretation of *Goins* and that the transfer was effective upon the signing of the application for title. Defendant sought summary disposition under MCR 2.116(C)(10) on the basis of its understanding of when title is transferred, and the trial court granted defendant's motion, ruling that at signing the title had transferred to Nichols and thus Golling was no longer the owner at the time of the accident. The Court of Appeals reversed, however, on the basis of its interpretation of *Goins*, concluding that a question of fact existed regarding ownership of the vehicle. Unpublished opinion per curiam, issued October 11, 2005 (Docket No. 254121). Golling sought leave to appeal from the judgment of

2

the Court of Appeals. The Supreme Court directed the clerk to schedule oral argument on whether to grant the application. 474 Mich 1135 (2006).

## STANDARD OF REVIEW

We review de novo an issue of statutory construction, and ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996). Likewise, a trial court's grant of summary disposition is reviewed de novo. *Chandler v Muskegon Co*, 467 Mich 315, 319; 652 NW2d 224 (2002).

## ANALYSIS

Under MCL 257.401, the "owner" of a vehicle is liable for injury resulting from operation of the vehicle, even if the owner is not the driver. An "owner" is one who holds the title (unless the vehicle is leased). MCL 257.37. MCL 257.233(9) explains when title is transferred (emphasis added):

> Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, *the effective date of the transfer of title or interest in the vehicle shall be the date of execution of either the application for title or the assignment of the certificate of title.*[1]

---

[1] We note that MCL 257.233 was amended by 2006 PA 317, effective January 3, 2007. Subsection 9 now provides:

> Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or interest in the vehicle is the date of signature on either the application for title or the assignment of the certificate of title by the purchaser, transferee, or assignee.

Thus, we must determine in this case what is the date of execution of either the application for title or the assignment of the certificate of title.

In *Goins, supra*, the issue was whether the title had been transferred where the Secretary of State had received the application and issued a certificate of title, even though the dealer failed to ensure that the buyer had proper insurance, which should have precluded his being issued a title.[2] The *Goins* Court, in concluding that the title in that case had been transferred, said, "The application for title was executed when defendant sent the necessary forms to the Secretary of State, and the certificate of title was executed when the Secretary of State issued a new certificate in the purchaser's name." *Goins, supra* at 14. This statement, by itself, does not clearly say when execution occurred: because of sending and receipt at the Secretary of State or an earlier point (perhaps at the time of mailing before receipt or possibly at the moment of signing). This is not a flaw in the opinion because the only question the *Goins* Court had to answer, and did answer, was whether a title application sent to and received by the Secretary of State is one that has been executed. In fact, the question the present case poses actually builds on the *Goins* question and asks: Conceding that execution was surely effected when the application was sent to the Secretary of State, was the execution effective at

---

[2] MCL 257.233 was slightly different at that time, with title transferring on "the date of execution of either the application for title or the certificate of title," rather than the "assignment of the certificate of title."

4

some point before that?  We believe it was effective even earlier.  It was effective at the moment of signing.

Our caselaw has consistently held that execution requires signing, and that delivery is separate from execution.[3]  Other statutes within the Michigan Vehicle Code likewise indicate that mailing or delivery occurs *after* execution.[4]  This is also consistent with the definition of "execute" found in Black's Law Dictionary (6th ed): "To complete; to make; to sign; to perform; to do; to follow out; to carry out according to its terms; to fulfill the command or purpose of."  This, then, is the correct understanding of "executed" in MCL 257.233(9), and *Goins* is entirely harmonious with this reading of the statute.  The dissent's suggestion that our holding necessitates overruling *Goins* reflects a misunderstanding of our holding, and we reject it.

We conclude that the application for title was executed in this case because it was signed by the parties.  Defendant was not required to send the application to the Secretary of State in order to complete the execution.  We clarify that the statement in *Goins* was incorrectly understood by the Court of Appeals to require

---

[3] See, e.g., *Farrell v Nutter*, 362 Mich 639; 107 NW2d 770 (1961); *Wiedbrauk v Wiedbrauk*, 284 Mich 15; 278 NW 747 (1938); *Roth v Smilay*, 251 Mich 381; 232 NW 220 (1930).

[4] For example, MCL 257.238, which requires the person named as the owner on the certificate of title to add security interests to the title, requires the owner to first "execute" an application, then "deliver" it to the holder of the security interest, and then requires that the owner "shall cause the [application] to be mailed or delivered" to the Secretary of State.

delivery as part of the execution.  We reverse the Court of Appeals judgment and

reinstate the trial court's grant of summary disposition for defendant.

Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

S T A T E   O F   M I C H I G A N

SUPREME COURT

BRIAN J. PERRY,

       Plaintiff-Appellee,

v

No. 129943

GOLLING CHRYSLER PLYMOUTH
JEEP, INC., a Michigan corporation,

       Defendant-Appellant.

_____

KELLY, J. (*dissenting*).

I would deny the application for leave to appeal. Although the majority contends that it merely expands on this Court's holding in *Goins*,[1] in point of fact, it distorts and actually rewrites the *Goins* holding. Also, the critical statement in *Goins* that "[t]he application for title was executed when defendant sent the necessary forms to the Secretary of State," *id*., was essential to the determination of the case and therefore is binding precedent for this case. When the majority misreads the statement, it effectively overrules *Goins*. I maintain that *Goins* should not be overruled.

_____

[1] *Goins v Greenfield Jeep Eagle, Inc*, 449 Mich 1, 14; 534 NW2d 467 (1995).

The issue in *Goins* was whether an automobile dealership remained the owner of a vehicle when the dealership failed to send proof of its purchaser's insurance coverage to the Secretary of State. *Goins v Greenfield Jeep Eagle, Inc*, 449 Mich 1, 2; 534 NW2d 467 (1995). In deciding the case, the Michigan Supreme Court noted that the dealership's liability turned on whether the dealership owned the vehicle on the date the vehicle was involved in an accident. *Id.* at 4. The Court reiterated the importance to ownership of the transfer of title. *Id.* at 13-14. Specifically, it noted that "[t]itle transfers when there has been an 'execution of either the application for title or the certificate of title.'" *Id.* at 14, citing MCL 257.233(5).[2] In that regard, the *Goins* Court made this statement:

> The application for title was executed when [the dealership] sent the necessary forms to the Secretary of State, and the certificate of title was executed when the Secretary of State issued a new certificate in the purchaser's name. [*Goins,* 449 Mich at 14.]

---

[2] 1998 PA 346 redesignated subsection 5 as subsection 9. 1999 PA 206 amended subsection 9 by inserting the term "assignment of the." When the instant case accrued, MCL 257.233(9) stated:

> Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or interest in the vehicle shall be the date of the execution of either the application for title or the assignment of the certificate of title.

Therefore, because both events had occurred by the time of the accident, the Court concluded that title had transferred and the dealership was not the vehicle owner, hence not liable.  *Id.* at 14.

THE MAJORITY DISTORTS THE HOLDING OF *GOINS*

The majority contends that its opinion does not necessitate an overruling of *Goins* because its opinion is a harmonious extension of the *Goins* holding.  The irrefutable fact is that the *Goins* Court wrote that the application for "title was executed when [the dealership] sent the necessary forms to the Secretary of State." *Goins*, 449 Mich at 14.  The majority effectively rewrites this sentence to read, "the application for title *had been executed by the time* the dealership sent the necessary forms to the Secretary of State."  It then adds that the application for title was executed at the moment the purchaser signed the application for title.

The majority implies that the *Goins* Court was sloppy in its phraseology. That seems unlikely given that the *Goins* Court dedicated a significant portion of its analysis to past decisions that emphasized the importance of the transfer of title to the transfer of ownership.  See *Goins*, 449 Mich at 10-14.  Considering its detailed discussion of the importance of deciding when title transferred, it is not credible that the *Goins* Court found it unnecessary to specify the exact moment the title transferred.  For that reason, I conclude that the *Goins* Court meant what it wrote:  the application for title was executed, hence title transferred, "when [the dealership] sent the necessary forms to the Secretary of State."

3

## THE STATEMENT IN GOINS WAS CENTRAL TO THE HOLDING OF THE CASE

The statement under consideration was not dictum for the reason that it was essential to the determination of the case.[3]  As indicated above, the dealership's liability in *Goins* turned on whether it owned the vehicle at the time of the accident.  *Goins*, 449 Mich at 4.  The *Goins* Court concluded that the dealership did not own it because both requirements of MCL 257.233(5) had been satisfied.  *Id*. at 14.  In order to make that determination, the Court had to ascertain whether, at the time of the accident, the application for title had been executed.  *Id*.  Accordingly, the Court's statement that the application was executed when the necessary forms were sent to the Secretary of State was part of the resolution of the central issue.

The Court of Appeals was correct in relying on *Goins* to conclude that the date the dealership mailed the application to the Secretary of State determined whether the dealership was liable.  *Perry v Golling Chrysler Plymouth Jeep, Inc¸* unpublished opinion per curiam of the Court of Appeals, issued October 11, 2005 (Docket No. 254121).  Moreover, the statement in *Goins* binds this Court in this case.

---

[3] "Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication."  Black's Law Dictionary (6th ed), defining "dictum."

4

APPLICATION OF THE *ROBINSON* FACTORS

Because the majority reads *Goins* as it does, it denies that it has overruled that case. As a consequence, it makes no mention of the *Robinson*[4] factors. But given that the *Robinson* Court held that precedent should not be overturned without consideration of these factors, I will apply them now. We should consider whether *Goins* was wrongly decided. *Robinsion*, 462 Mich at 464. We should also determine whether *Goins* "defies 'practical workability,' whether reliance interests would work an undue hardship, and whether changes in the law or facts no longer justify the [*Goins*] decision." *Id*.

My application of the *Robinson* factors reveals that *Goins* should not be overturned. First and most importantly, the *Goins* Court did not err in holding that the application for title was executed when the dealership sent it to the Secretary of State. This conclusion requires an understanding of MCL 257.233. When the claim in *Goins* occurred, the Legislature had not defined the term "execute," as it appears in the statute. However, the statute does address owners transferring title. Therefore, it was reasonable for the *Goins* Court to conclude that the term "execute" referred to an action that the owner, i.e., the dealership, must take.

Moreover, the *Goins* Court's statement that execution occurred when the dealership sent the necessary forms to the Secretary of State was consistent with how Michigan courts interpreted the statute at the time. In *Zechlin v Bridges*

---

[4] *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000).

5

*Motors Sales*,[5] which the *Goins* Court cited, the Court of Appeals observed that the effective date of a transfer of title is the date of the execution of the application for title. *Id.* at 342. In *Zechlin,* the dealership had filed the application for title with the Secretary of State before the accident occurred. *Id.* at 342. Therefore, the Court of Appeals concluded that the dealership's ownership interest in the vehicle terminated before the accident. *Id.* Accordingly, the *Goins* Court's determination that execution occurred when the dealership sent the necessary forms to the Secretary of State was consistent with how the Court of Appeals interpreted the statute at the time.

There is also a public policy basis for the *Goins* decision. By holding that the application was executed when the dealership sent the application for title to the Secretary of State, the *Goins* Court prevented a possible fraud on buyers. Were execution interpreted to occur when the buyer signed the application, the dealership, no longer the owner, could escape liability for a subsequent accident yet retain the application. It could thereby try to prevent the buyer from obtaining a certificate of title until the buyer paid it more for the vehicle. The *Goins* holding circumvented this problem. For the above reasons, I believe that *Goins* was correctly decided.

Additionally, no argument has been made that the *Goins* decision cannot be applied in a practical manner. *Robinson,* 462 Mich at 464. The *Goins* rule that the

---

[5] 190 Mich App 339, 342; 475 NW2d 60 (1991).

application for title is considered executed when the dealership sends it to the Secretary of State is easy to understand and to apply.[6]

The next *Robinson* factor to consider is whether, if the decision were overturned, reliance interests would work an undue hardship. *Robinson,* 462 Mich at 464. It is unknown whether or how dealerships and vehicle purchasers altered their procedures in order to conform to the holding in *Goins.* Therefore, it is not possible to ascertain whether there will be any hardship when *Goins* is overturned.

The final factor to consider is whether changes in the law or facts no longer justify the decision. *Id.* From the time *Goins* was decided until the time the instant case arose, the relevant portion of MCL 257.233 remained the same. Specifically, the statute provided that one could ascertain the date of transfer of title by identifying the date of execution of the application for title. Also, the record does not reflect that the procedure for obtaining title to a motor vehicle has changed. Accordingly, no change has occurred in the law or facts. Considering all the *Robinson* factors, *Goins* should not be overturned.

---

[6] See, e.g., *Akmakjian v Make a Deal Auto Sales, Inc*, unpublished opinion per curiam of the Court of Appeals, issued August 6, 1996 (Docket No. 181933) (referring to *Goins* and deciding that the application for title was executed on the date that the *dealership* completed the application for title), and *Hartford Accident & Indemnity Co v The Used Car Factory, Inc,* unpublished opinion per curiam of the Court of Appeals, issued December 9, 1997 (Docket No. 198104) (The court rejected the dealership's argument that title transferred when the dealership and the purchaser signed the application. It also referred to *Goins* for the proposition that execution of the application for title does not occur until the dealership sends the necessary forms to the Secretary of State.).

CONCLUSION

The majority has rewritten the holding in *Goins*. Moreover, the statement in *Goins* that execution occurred when the dealership sent the necessary forms to the Secretary of State was essential to the determination of that case. Therefore, it is binding precedent. Finally, the *Robinson* factors do not support overruling *Goins*. For these reasons, *Goins* should remain good law. Its holding governs this case, as the Court of Appeals recognized. Therefore the Court of Appeals decision was proper and the application for leave to appeal should be denied.

Marilyn Kelly

Cavanagh, J. I would deny leave to appeal.

Michael F. Cavanagh