*68 KELLY, J.
(dissenting). I would deny the application for leave to appeal. Although the majority contends that it merely expands on this Court’s holding in Goins,[1] in point of fact, it distorts and actually rewrites the Goins holding. Also, the critical statement in Goins that “[t]he application for title was executed when defendant sent the necessary forms to the Secretary of State,” id., was essential to the determination of the case and therefore is binding precedent for this case. When the majority misreads the statement, it effectively overrules Goins. I maintain that Goins should not be overruled.
THE GOINS DECISION
The issue in Goins was whether an automobile dealership remained the owner of a vehicle when the dealership failed to send proof of its purchaser’s insurance coverage to the Secretary of State. Goins v Greenfield Jeep Eagle, Inc, 449 Mich 1, 2; 534 NW2d 467 (1995). In deciding the case, the Michigan Supreme Court noted that the dealership’s liability turned on whether the dealership owned the vehicle on the date the vehicle was involved in an accident. Id. at 4. The Court reiterated the importance to ownership of the transfer of title. Id. at 13-14. Specifically, it noted that “[tjitle transfers when there has been an ‘execution of either the application for title or the certificate of title.’ ” Id. at 14, citing MCL 257.233(5).[2] In that regard, the Goins Court made this statement:
*69 The application for title was executed when [the dealership] sent the necessary forms to the Secretary of State, and the certificate of title was executed when the Secretary of State issued a new certificate in the purchaser’s name. [Goins, 449 Mich at 14.]
Therefore, because both events had occurred by the time of the accident, the Court concluded that title had transferred and the dealership was not the vehicle owner, hence not liable. Id. at 14.
THE MAJORITY DISTORTS THE HOLDING OF GOINS
The majority contends that its opinion does not necessitate an overruling of Goins because its opinion is a harmonious extension of the Goins holding. The irrefutable fact is that the Goins Court wrote that the application for “title was executed when [the dealership] sent the necessary forms to the Secretary of State.” Goins, 449 Mich at 14. The majority effectively rewrites this sentence to read, “the application for title had been executed by the time the dealership sent the necessary forms to the Secretary of State.” It then adds that the application for title was executed at the moment the purchaser signed the application for title.
The majority implies that the Goins Court was sloppy in its phraseology. That seems unlikely given that the Goins Court dedicated a significant portion of its analysis to past decisions that emphasized the importance of the transfer of title to the transfer of ownership. See Goins, 449 Mich at 10-14. Considering its detailed discussion of the importance of deciding when title transferred, it is not credible that the Goins Court found it unnecessary to specify the exact moment the *70 title transferred. For that reason, I conclude that the Goins Court meant what it wrote: the application for title was executed, hence title transferred, “when [the dealership] sent the necessary forms to the Secretary of State.”
THE STATEMENT IN GOINS WAS CENTRAL TO THE HOLDING OF THE CASE
The statement under consideration was not dictum for the reason that it was essential to the determination of the case.[3] As indicated above, the dealership’s liability in Goins turned on whether it owned the vehicle at the time of the accident. Goins, 449 Mich at 4. The Goins Court concluded that the dealership did not own it because both requirements of MCL 257.233(5) had been satisfied. Goins, 449 Mich at 14. In order to make that determination, the Court had to ascertain whether, at the time of the accident, the application for title had been executed. Id. Accordingly, the Court’s statement that the application was executed when the necessary forms were sent to the Secretary of State was part of the resolution of the central issue.
The Court of Appeals was correct in relying on Goins to conclude that the date the dealership mailed the application to the Secretary of State determined whether the dealership was liable. Perry v Golling Chrysler Plymouth Jeep, Inc, unpublished opinion per curiam of the Court of Appeals, issued October 11, 2005 (Docket No. 254121). Moreover, the statement in Goins binds this Court in this case.
*71 APPLICATION OF THE ROBINSON FACTORS
Because the majority reads Goins as it does, it denies that it has overruled that case. As a consequence, it makes no mention of the Robinson[4] factors. But given that the Robinson Court held that precedent should not be overturned without consideration of these factors, I will apply them now. We should consider whether Goins was wrongly decided. Robinson, 462 Mich at 464. We should also determine whether Goins “defies ‘practical workability,’ whether reliance interests would work an undue hardship, and whether changes in the law or facts no longer justify the [Goins'] decision.” Id.
My application of the Robinson factors reveals that Goins should not be overturned. First and most importantly, the Goins Court did not err in holding that the application for title was executed when the dealership sent it to the Secretary of State. This conclusion requires an understanding of MCL 257.233. When the claim in Goins occurred, the Legislature had not defined the term “execute,” as it appears in the statute. However, the statute does address owners transferring title. Therefore, it was reasonable for the Goins Court to conclude that the term “execute” referred to an action that the owner, i.e., the dealership, must take.
Moreover, the Goins Court’s statement that execution occurred when the dealership sent the necessary forms to the Secretary of State was consistent with how Michigan courts interpreted the statute at the time. In Zechlin v Bridges Motors Sales, [5] which the Goins Court cited, the Court of Appeals observed that the effective date of a transfer of title is the date of the execution of *72 the application for title. Id. at 342. In Zechlin, the dealership had filed the application for title with the Secretary of State before the accident occurred. Id. at 342. Therefore, the Court of Appeals concluded that the dealership’s ownership interest in the vehicle terminated before the accident. Id. Accordingly, the Goins Court’s determination that execution occurred when the dealership sent the necessary forms to the Secretary of State was consistent with how the Court of Appeals interpreted the statute at the time.
There is also a public policy basis for the Goins decision. By holding that the application was executed when the dealership sent the application for title to the Secretary of State, the Goins Court prevented a possible fraud on buyers. Were execution interpreted to occur when the buyer signed the application, the dealership, no longer the owner, could escape liability for a subsequent accident yet retain the application. It could thereby try to prevent the buyer from obtaining a certificate of title until the buyer paid it more for the vehicle. The Goins holding circumvented this problem. For the above reasons, I believe that Goins was correctly decided.
Additionally, no argument has been made that the Goins decision cannot be applied in a practical manner. Robinson, 462 Mich at 464. The Goins rule that the application for title is considered executed when the dealership sends it to the Secretary of State is easy to understand and to apply.[6]
*73 The next Robinson factor to consider is whether, if the decision were overturned, reliance interests would work an undue hardship. Robinson, 462 Mich at 464. It is unknown whether or how dealerships and vehicle purchasers altered their procedures in order to conform to the holding in Goins. Therefore, it is not possible to ascertain whether there will be any hardship when Goins is overturned.
The final factor to consider is whether changes in the law or facts no longer justify the decision. Id. From the time Goins was decided until the time the instant case arose, the relevant portion of MCL 257.233 remained the same. Specifically, the statute provided that one could ascertain the date of transfer of title by identifying the date of execution of the application for title. Also, the record does not reflect that the procedure for obtaining title to a motor vehicle has changed. Accordingly, no change has occurred in the law or facts. Considering all the Robinson factors, Goins should not be overturned.
CONCLUSION
The majority has rewritten the holding in Goins. Moreover, the statement in Goins that execution occurred when the dealership sent the necessary forms to the Secretary of State was essential to the determination of that case. Therefore, it is binding precedent. Finally, the Robinson factors do not support overruling Goins. For these reasons, Goins should remain good law. Its holding governs this case, as the Court of *74 Appeals recognized. Therefore the Court of Appeals decision was proper and the application for leave to appeal should be denied.
CAVANAGH, J. I would deny leave to appeal.

 Goins v Greenfield Jeep Eagle, Inc, 449 Mich 1, 14; 534 NW2d 467 (1995).

 1998 PA 346 redesignated subsection 5 as subsection 9. 1999 PA 206 amended subsection 9 by inserting the term “assignment of the.” When the instant case accrued, MCL 257.233(9) stated:
Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or *69 interest in the vehicle shall be the date of the execution of either the application for title or the assignment of the certificate of title.

 “Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication.” Black’s Law Dictionary (6th ed), defining “dictum.”

 Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000).

 190 Mich App 339, 342; 475 NW2d 60 (1991).

 See, e.g., Akmakjian v Make a Deal Auto Sales, Inc, unpublished opinion per curiam of the Court of Appeals, issued August 6, 1996 (Docket No. 181933) (referring to Goins and deciding that the application for title was executed on the date that the dealership completed the application for title), and Hartford Accident & Indemnity Co v The Used Car Factory, Inc, unpublished opinion per curiam of the Court of Appeals, issued December 9, 1997 (Docket No. 198104) (The court rejected the *73 dealership’s argument that title transferred when the dealership and the purchaser signed the application. It also referred to Goins for the proposition that execution of the application for title does not occur until the dealership sends the necessary forms to the Secretary of State.).