TAYLOR, C.J.
In this case, we are called on to determine whether, pursuant to MCL 257.233(9), an application for title to a motor vehicle is “executed” and therefore the title is transferred to the new owner at the time the application is signed, or if the application is not “executed” and the title transferred until the applica *64 tion is sent to the Secretary of State. We hold that “execution” is complete at signing and thus at that moment title transfers to the new owner, without regard to mailing or delivery to the Secretary of State. Because the Court of Appeals held to the contrary on the basis of Goins v Greenfield Jeep Eagle, Inc, 449 Mich 1; 534 NW2d 467 (1995), we reverse its judgment and reinstate the trial court’s grant of summary disposition for defendant.
The relevant facts in this case are brief. Ksenia Nichols sought to purchase a vehicle from Golling Chrysler Plymouth Jeep, Inc. In that process, much of the paperwork had been completed, including the application for title that Nichols had signed. Hours after taking possession of the vehicle, Nichols collided with a parked car, causing injury to Brian Perry. Perry sued Golling, asserting that Golling was still the owner of the vehicle and thus liable under MCL 257.401 for the acts of its permissive user (Nichols), because, although the application for title had been signed, the title was not effectively transferred until the application was delivered to the Secretary of State. In making this argument, Perry relied on Goins, supra, to assert that the transfer was incomplete until the mailing or delivery of the application of title to the Secretary of State. Defendant argued that this was a misinterpretation of Goins and that the transfer was effective upon the signing of the application for title. Defendant sought summary disposition under MCR 2.116(C)(10) on the basis of its understanding of when title is transferred, and the trial court granted defendant’s motion, ruling that at signing the title had transferred to Nichols and thus Golling was no longer the owner at the time of the accident. The Court of Appeals reversed, however, on the basis of its interpretation of Goins, concluding that a question of fact existed regarding ownership of the vehicle. Unpub *65 lished opinion per curiam, issued October 11, 2005 (Docket No. 254121). Golling sought leave to appeal from the judgment of the Court of Appeals. The Supreme Court directed the clerk to schedule oral argument on whether to grant the application. 474 Mich 1135 (2006).
STANDARD OF REVIEW
We review de novo an issue of statutory construction, and ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. Quinto v Cross & Peters Co, 451 Mich 358, 362-363; 547 NW2d 314 (1996). Likewise, a trial court’s grant of summary disposition is reviewed de novo. Chandler v Muskegon Co, 467 Mich 315, 319; 652 NW2d 224 (2002).
ANALYSIS
Under MCL 257.401, the “owner” of a vehicle is liable for injury resulting from operation of the vehicle, even if the owner is not the driver. An “owner” is one who holds the title (unless the vehicle is leased). MCL 257.37. MCL 257.233(9) explains when title is transferred (emphasis added):
Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or interest in the vehicle shall he the date of execution of either the application for title or the assignment of the certificate of title.[1]
*66 Thus, we must determine in this case what is the date of execution of either the application for title or the assignment of the certificate of title.
In Goins, supra, the issue was whether the title had been transferred where the Secretary of State had received the application and issued a certificate of title, even though the dealer failed to ensure that the buyer had proper insurance, which should have precluded his being issued a title.[2] The Goins Court, in concluding that the title in that case had been transferred, said, “The application for title was executed when defendant sent the necessary forms to the Secretary of State, and the certificate of title was executed when the Secretary of State issued a new certificate in the purchaser’s name.” Goins, supra at 14. This statement, by itself, does not clearly say when execution occurred: because of sending and receipt at the Secretary of State or an earlier point (perhaps at the time of mailing before receipt or possibly at the moment of signing). This is not a flaw in the opinion because the only question the Goins Court had to answer, and did answer, was whether a title application sent to and received by the Secretary of State is one that has been executed. In fact, the question the present case poses actually builds on the Goins question and asks: Conceding that execution was surely effected when the application was sent to the Secretary of State, was the execution effective at some point before that? We believe it was effective even earlier. It was effective at the moment of signing.
*67 Our caselaw has consistently held that execution requires signing, and that delivery is separate from execution.[3] Other statutes within the Michigan Vehicle Code likewise indicate that mailing or delivery occurs after execution.[4] This is also consistent with the definition of “execute” found in Black’s Law Dictionary (6th ed): “To complete; to make; to sign; to perform; to do; to follow out; to carry out according to its terms; to fulfill the command or purpose of.” This, then, is the correct understanding of “executed” in MCL 257.233(9), and Goins is entirely harmonious with this reading of the statute. The dissent’s suggestion that our holding necessitates overruling Goins reflects a misunderstanding of our holding, and we reject it.
We conclude that the application for title was executed in this case because it was signed by the parties. Defendant was not required to send the application to the Secretary of State in order to complete the execution. We clarify that the statement in Goins was incorrectly understood by the Court of Appeals to require delivery as part of the execution. We reverse the Court of Appeals judgment and reinstate the trial court’s grant of summary disposition for defendant.
Weaver Corrigan, Young, and Markman, JJ., concurred with Taylor, C. J.

 We note that MCL 257.233 was amended by 2006 PA 317, effective January 3, 2007. Subsection 9 now provides:
Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or *66 interest in the vehicle is the date of signature on either the application for title or the assignment of the certificate of title by the purchaser, transferee, or assignee.

 MCL 257.233 was slightly different at that time, with title transferring on “the date of execution of either the application for title or the certificate of title,” rather than the “assignment of the certificate of title.”

 See, e.g., Farrell v Nutter, 362 Mich 639; 107 NW2d 770 (1961); Wiedbrauk v Wiedbrauk, 284 Mich 15; 278 NW 747 (1938); Roth v Smilay, 251 Mich 381; 232 NW 220 (1930).

 For example, MCL 257.238, which requires the person named as the owner on the certificate of title to add security interests to the title, requires the owner to first “execute” an application, then “deliver” it to the holder of the security interest, and then requires that the owner “shall cause the [application] to he mailed or delivered” to the Secretary of State.