*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAKARIYA ALHARIRI,

      Plaintiff-Appellant,

v

MONIFA L. ROGERS and FREMONT
INSURANCE COMPANY,

      Defendants,

and

UNIVERSITY AUTO REPAIR, INC.,

      Defendant-Appellee.

UNPUBLISHED
May 26, 2022

No. 357169
Wayne Circuit Court
LC No. 19-005762-NI

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff Zakariya Alhariri appeals as of right the trial court's April 26, 2021 order, which dismissed plaintiff's negligence claim against defendant Monifa L. Rogers. On appeal, plaintiff challenges the trial court's September 24, 2020 order, which granted summary disposition in favor of defendant University Auto Repair, Inc. (UAR). We affirm.

## I. BACKGROUND

On December 4, 2018, Rogers and Margaret Humphrey went to UAR, which is an automobile dealership. Rogers wanted to purchase a vehicle and asked Humphrey to cosign for her. After selecting a vehicle and reaching an agreement with UAR, Rogers and Humphrey signed "a lot of papers," including a sales agreement. Rogers took possession of the vehicle on December 4, 2018.

On January 7, 2019, Rogers and plaintiff got into a motor vehicle accident. Plaintiff sustained serious injuries. Rogers was uninsured at the time of the accident.

-1-

On February 13, 2019, an application for title registration was submitted to the Secretary of State. It bore the date of February 5, 2019, and was purportedly signed by Rogers and Humphrey. On February 13, 2019, the vehicle was registered to Rogers and Humphrey, and a certificate of title was issued the next day.

In April 2019, plaintiff brought suit against Rogers, UAR, and Fremont Insurance Company, which is plaintiff's uninsured/underinsured motorist insurance carrier. Plaintiff alleged that Fremont was liable under the insurance policy for damages caused by Rogers. Plaintiff also alleged that UAR was liable as the title-holding "owner" of the vehicle under MCL 257.401 and alleged that Rogers was liable for common-law negligence for negligently operating the vehicle.

UAR moved for summary disposition, arguing that it could not be liable as an owner of the vehicle at the time of the accident because UAR had transferred the vehicle's title to Rogers and Humphrey before the accident. To support this, UAR produced an application for title dated January 2, 2019. UAR asserted that Rogers, Humphrey, and a representative of UAR had signed the application on that date, and UAR provided Rogers's deposition testimony to support this argument. Fremont opposed the motion, arguing that title to the vehicle transferred from UAR to Rogers after the motor vehicle accident, i.e., on February 5, 2019. Fremont requested that the trial court deny UAR's motion "and enter an order declaring that [UAR] was the owner of the vehicle at the time of accident." In the alternative, Fremont argued that a genuine issue of material fact existed. Plaintiff did "not take a position" on UAR's motion for summary disposition. After holding oral argument, the trial court granted summary disposition in favor of UAR on September 24, 2020.

In November 2020, plaintiff and Fremont reached a settlement. As part of the settlement, Fremont assigned plaintiff its right to appeal the trial court's order granting UAR's motion for summary disposition. Fremont "waive[d] any rights of subrogation/recovery from" plaintiff, UAR, or its insurance carriers. On January 29, 2021, the trial court entered a stipulated order of dismissal as to Fremont. On April 26, 2021, the trial court dismissed plaintiff's claims against Rogers pursuant to a consent judgment. This appeal followed.

## II. JURISDICTIONAL CHALLENGE

At the outset, we must address UAR's argument that this Court lacks jurisdiction to decide this case because neither plaintiff nor Fremont are aggrieved parties. We conclude that UAR's argument is without merit.

This Court reviews de novo whether it has jurisdiction. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). MCR 7.203(A)(2) provides that this Court "has jurisdiction of an appeal of right *filed by an aggrieved party* from" "[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." (Emphasis added.) "An aggrieved party is not one who is merely disappointed over a certain result. Rather, . . . a litigant must have suffered a concrete and particularized injury. . . ." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291; 715 NW2d 846 (2006) (footnote omitted). "[A] litigant on appeal *must demonstrate an injury arising from . . . the actions of the trial court . . .* rather than an injury arising from the underlying facts of the case." *Id*. at 292

(citations omitted; emphasis added). As stated in *Grace Petroleum Corp v Pub Serv Comm*, 178 Mich App 309, 312-313; 443 NW2d 790 (1989):

> An appeal can only be taken by parties who are affected by the judgment appealed from. There must be some substantial rights of the parties which the judgment would prejudice. *A party is aggrieved by a judgment or order when it operates on his rights and property or bears directly on his interest. To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.* [Citations omitted; emphasis added.]

In this case, plaintiff filed suit against UAR and Fremont. UAR had a $300,000 liability policy limit. Fremont had a $1,000,000 policy limit, and its policy included a subrogation provision. However, as part of the settlement agreement, Fremont agreed to "waive[ ] any rights of subrogation/recovery from" plaintiff, UAR, or its insurance carriers.[1] Because plaintiff has a pecuniary interest in the outcome on appeal, we conclude that plaintiff is an aggrieved party.

Although the April 26, 2021 judgment is a consent judgment, it is well settled that "an appeal of right is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling. . . ." *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 278 n 4; 597 NW2d 235 (1999). The April 26, 2021 judgment specifically provides that plaintiff has "a right to pursue a Claim of Appeal as to" the trial court's September 24, 2020 order granting UAR's motion for summary disposition. Moreover, plaintiff does not challenge the April 26, 2021 judgment. Rather, the April 26, 2021 judgment is "the first judgment . . . that dispose[d] of all the claims and adjudicate[d] the rights and liabilities of all the parties," MCR 7.202(6)(a)(i), and plaintiff is challenging the trial court's previous order granting summary disposition in favor of UAR on appeal, *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992) ("Where a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case."). Thus, UAR's jurisdictional argument fails.

## III. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred by granting summary disposition in favor of UAR after concluding that UAR was not the "owner" of Rogers's vehicle on the date of the accident. We disagree.

---

[1] In so holding, we note that UAR argues that plaintiff failed to "timely oppose" UAR's motion for summary disposition. However, this is not dispositive. Indeed, Fremont opposed UAR's motion for summary disposition, and Fremont later assigned its appellate rights to plaintiff. To the extent that UAR challenges the scope of the assignment, such an argument is improper. Indeed, it is a long-standing rule in Michigan that an individual who is not a party to an assignment lacks standing to challenge that assignment. *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929).

## A.  STANDARDS OF REVIEW

This Court "review[s] de novo a trial court's interpretation and application of a statute." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 457; 965 NW2d 232 (2020). A trial court's decision regarding a motion for summary disposition is also reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim.  When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion.  A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact.  A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.  [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

"A motion under [MCR 2.116](C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 6-7; 890 NW2d 344 (2016) (quotation marks and citation omitted).  When opposing a properly asserted and supported motion for summary disposition under MCR 2.116(C)(10), the nonmoving party must present evidence that establishes that there is a genuine issue of material fact on the issue raised by the moving party.  See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 374-375; 775 NW2d 618 (2009).

## B.  ANALYSIS

Plaintiff seeks to hold UAR liable under the owner's liability statute, MCL 257.401, which is contained within the Michigan Vehicle Code, MCL 257.1 *et seq*.  Plaintiff specifically relies on MCL 257.401(1), which provides:

> This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant.  The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law.  The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge.  It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

"The purpose of the [owner's liability] statute is to place the risk of damage or injury on the person who has the ultimate control of the motor vehicle, as well as on the person who is in immediate control." *Cooke v Ford Motor Co*, 333 Mich App 545, 555; 963 NW2d 405 (2020) (quotation marks and citation omitted).

The term "owner" includes "a person who holds the legal title of a vehicle." MCL 257.37(b). With respect to when legal title transfers, MCL 257.233(9) provides as follows:

> Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or interest in the vehicle is the date of signature on either the application for title or the assignment of the certificate of title by the purchaser, transferee, or assignee.

Therefore, legal title is transferred upon (1) delivery of the vehicle, and (2) the signing of the application for title. As relevant to this appeal, our Supreme Court in *Perry v Golling Chrysler Plymouth Jeep, Inc*, 477 Mich 62, 64; 729 NW2d 500 (2007), held that "mailing or delivery [of the application for title] to the Secretary of State" is not necessary to transfer title.[2]

In this case, UAR presented evidence to support that Rogers, Humphrey, and UAR signed the application for title on January 2, 2019, and that Rogers took possession of the vehicle on December 4, 2018. Specifically, UAR presented the January 2, 2019 application for title and Rogers's deposition testimony, where she testified that her signature appeared on the January 2, 2019 application and that she left UAR with the vehicle on December 4, 2018. Therefore, it was Fremont's burden as the nonmoving party to present evidence to create a genuine issue of material fact as to whether the application was properly executed on January 2, 2019. Fremont failed to do so.

While plaintiff notes on appeal that Humphrey denied signing the January 2, 2019 application, Fremont did not make this argument before the trial court and did not present Humphrey's deposition testimony in the trial court. Because the testimony cannot be found in the lower court record and because plaintiff has not moved this Court to expand the record, we cannot consider it. See *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (2000) ("[I]t is impermissible to expand the record on appeal."); see also *Killmer v Sabourin*, 499 Mich 852, 852; 873 NW2d 314 (2016) (A party may not "expand the record without first having moved to do so.").

Thus, the undisputed evidence establishes that title transferred to Rogers and Humphrey on January 2, 2019. Contrary to plaintiff's arguments on appeal, the fact that the application had not been mailed or delivered to the Secretary of State at the time of the accident did not prevent title from passing to Rogers and Humphrey on January 2, 2019. See *Perry*, 477 Mich at 64, 67.

Plaintiff also argues that the January 2, 2019 application should not be given effect because UAR acted in a "duplicitous" manner by failing to file it with the Secretary of State and by failing

---

[2] Plaintiff argues that UAR failed to comply with MCL 257.217(4). While MCL 257.217(4) requires a dealership to "apply for a title when required . . . within 15 days," the statute does not provide that an application for certificate of title is invalid if an individual fails to comply with MCL 257.217(4). Rather, MCL 257.217(4) indicates that a "dealer's license may be suspended or revoked. . . ." Additionally, as noted by UAR, there is no indication that MCL 257.217(4) provides a private cause of action.

to produce the January 2, 2019 application until after the instant litigation commenced. Plaintiff also argues that UAR violated MCL 257.254 and that UAR did not intend to transfer title until February 5, 2019. However, these arguments were not raised by plaintiff or Fremont in response to UAR's motion for summary disposition. The arguments also were not raised in Fremont's motion for reconsideration of the trial court's decision to grant summary disposition in favor of UAR. Consequently, the arguments are unpreserved, and we decline to consider them. See *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010).

In sum, UAR transferred legal title to the vehicle to Rogers and Humphrey before the accident, and UAR no longer remained liable as the owner of the vehicle. The trial court did not err by granting summary disposition in favor of UAR.

Affirmed.


/s/ Brock A. Swartzle
/s/ Thomas C. Cameron
/s/ Sima G. Patel